The evidence tended to establish that the defendant agreed with Oliver Clark to saw all the logs, more or less, which they should deliver at his mill from a certain lot called the Van Vechten lot, at three shillings per hundred feet; that they drew a quantity of logs pursuant to this agreement, and piled them at the defendant's mill, and from time to time gave him directions in regard to sawing, which the defendant obeyed, and the stuff thus sawed was delivered to Oliver *Page 553 
Clark, until his bill for sawing amounted to $104,67, leaving about 127 or 128 logs unsawed, of the value of about one dollar each. The plaintiffs purchased the logs of Van Vechten upon the lot mentioned, and contracted to sell them to Oliver Clark, who were to draw them to the defendant's mill to be sawed and to pay the plaintiffs one dollar for every hundred feet after the same were sawed and the lumber measured. No question is made as to whether the plaintiffs or Oliver Clark were the owners of the logs subject to the defendant's lien; for whichever were the owners, if the defendant had a lien, as against either, it was assumed to attach against both: as the logs had been delivered to the defendant to be sawed by Oliver Clark, with the express assent and agreement of the plaintiffs.
The only question, therefore, in this case is, whether the judge at the circuit was correct in his decision and charge to the jury, as to the law of the case upon the facts proved; the substance of which was that if there was but one contract made with the defendant for sawing, and that included all the logs delivered, although a portion of the logs had been sawed and the lumber delivered and taken away by the owner, without paying for the sawing, the defendant might enforce his lien for the whole work done against the residue of the logs unsawed in his possession.
It has long been settled, at common law, that every bailee for hire, who by his labor and skill has imparted an additional value to the goods, has a lien upon the property for his reasonable charges. This includes all who take property in the way of their trade or occupation, to bestow labor or expense upon it; and it extends to the whole of one entire work upon one single subject, in like manner as a carrier has a lien on the entire cargo for his whole freight. The lien exists equally, whether there be an agreement to pay a stipulated price, or only an implied contract to pay a reasonable price — unless there be a future time of payment fixed. In that case such a special agreement would be inconsistent with the right of lien and would destroy it. (Blake v. Nicholson, 3 Maule Selw. 168; Chase v. *Page 554 Westmore, 5 id. 180; Crawshay v. Homfray, 4 Barn. Ald. 50; Burdick v. Murray, 3 Verm. 302.)
In this case the entire quantity of saw logs were delivered to the defendant to be sawed, as the jury found, under one contract, though upon different days. The sawing of them was, therefore, an entire work, and the lien of the defendant for his whole compensation, extended to every portion of the logs. And so where several parcels of goods, belonging to one owner, are carried the same voyage, a delivery of part does not defeat a lien upon theremainder, for the whole freight. (Cross on Law of Lien,
290, 350; Schmidt v. Blood, 9 Wend. 268; McFarland v.Wheeler, 26 id. 467.) I think the judgment should be affirmed.
Judgment affirmed.