### EDWARD C. CLARK *vs.* JOSEPH HALE.

Where a person having the chattel of another in his possession, on demand made by the owner absolutely refuses to deliver it, it is sufficient evidence of a conversion in the absence of rebutting proof, although the chattel was at a distance from the place of demand and could not have been at once delivered.

Where a plaintiff has proved the conversion by proof of a demand and refusal, there is no objection to proof of a conversion by other evidence, although the declaration alleges but one conversion. There is in fact but one conversion and the evidence is merely cumulative.

The fact that the defendant purchased the chattel in good faith from a person claiming to be the owner and had expended a considerable sum in repairs upon it before he knew of the plaintiff's claim, all which was without the plaintiff's knowledge, does not give the defendant any lien upon it for his expenditures.

TROVER for a wagon, brought to the superior court in New Haven county, and tried on the general issue before *Phelps, J.*

On the trial the plaintiff claimed to have proved that in September, 1862, he was the absolute owner of the wagon in question ; that he then let it to one Basset, for an indefinite time, at $3 per week; that a few weeks subsequently both Basset and the wagon disappeared ; that in the spring following the plaintiff learned that Basset had been seen in Derby, and that the wagon was in the possession of the defendant, who resided in the town of Seymour, and that thereupon, on the 29th of April, 1863, he called on the defendant and described the wagon, stated his title and made demand for the

same, which the defendant unqualifiedly refused to deliver; and he asked the court to instruct the jury that such demand and refusal furnished presumptive evidence from which they might properly infer a conversion. The court instructed the jury that, to sustain the action, the plaintiff must show a property general or special in the wagon, such as to entitle him to the possession at the time of the demand, and if the jury were satisfied from the evidence that the plaintiff owned the wagon, a demand and unconditional refusal might properly be considered, in the absence of satisfactory evidence to rebut the presumption of a conversion, sufficient to warrant them in finding a verdict for the plaintiff.

The plaintiff claimed that it was proved by the evidence of Basset, who was offered by the defendant, that when Basset sold the wagon to the defendant he informed him that he had conditionally bought it of the plaintiff or his agent Carleton, and had paid one-half the price, and was to have the title when he paid the balance, and that the defendant took it, and subsequently, until the commencement of the suit, claimed and treated it as his own, with full knowledge that Basset did not own it; and he thereupon asked the court to instruct the jury that such purchase from Basset, though the defendant paid the full value, and such subsequent exercise of ownership over it, constituted a conversion. The court instructed the jury that if they found these facts proved, they were sufficient to establish a conversion, and their verdict should be for the plaintiff.

The defendant claimed to have proved that when he bought the wagon of Basset he did so in good faith, supposing Basset was the lawful owner; that it was not in running order, and that he was obliged, in order to make it so, to expend upon it in necessary repairs a considerable sum of money, which he did before any knowledge of the plaintiff's claim; and he asked the court to instruct the jury that, if they found those facts proved, he would have a lien on the wagon and a right to retain it in his possession until he was reimbursed what he had expended, and that their verdict should be for the de-

fendant; but the court declined to give the jury that instruction.

The defendant also requested the court to instruct the jury that if the sale was conditional, so that no title passed under it to Basset in consequence of his not having paid for the wagon in full, trover would not lie against a subsequent purchaser from Basset until the plaintiff had demanded from Basset or the defendant the balance of the purchase money; but the court declined to give such instruction to the jury.

The defendant also asked the court to instruct the jury that, under the conceded fact that the wagon at the time of the demand was not where he could deliver it immediately in consequence of its having been then used by a servant of the defendant at some distance from where the demand was made, an unqualified refusal was no evidence of a conversion; but the court did not so instruct the jury.

The defendant further claimed that Basset having purchased the wagon conditionally and paid a part of the price, and no time having been fixed for the payment of the remainder, and no demand made by the plaintiff for the balance, a purchaser from Basset would acquire the same right to retain the wagon until its use at $3 per week would be equivalent to the money which had been paid by Basset either for rent or towards the purchase, and the same right to pay the remainder and thereby perfect his title to the wagon which Basset would have had if he had not disposed of it, and that in the absence of a demand for such balance trover would not lie against such purchaser; and asked the court so to instruct the jury; but the court did not give them such instruction.

The defendant also asked the court to instruct the jury that the fact that the plaintiff attached his wagon and nothing else, when he might have found other property of the defendant, was an act in the nature of an admission by the plaintiff that he was not, and that the defendant was in fact, the owner of the wagon. The court sustained this claim so far as to say to the jury that it was in the nature of an admission, and that they should weigh and consider it with the

other evidence in the case, and give it such importance and weight as under the circumstances they thought it properly deserved.

The jury having rendered a verdict for the plaintiff, the defendant moved for a new trial for errors in the charge of the court and in the refusal to charge as requested.

*Munson* and *H. Stoddard,* in support of the motion.

*Watrous* and *Rogers,* contra.

PARK, J.   The questions made in this case by the defendant are too clear for controversy.   The first question arises upon the charge of the court with regard to the effect of the demand and refusal.   The court instructed the jury that, " to sustain the action, the plaintiff must show a property general or special in the wagon, such as to entitle him to the possession at the time of the demand, and if the jury were satisfied from the evidence that the plaintiff owned the wagon, a demand and unconditional refusal might properly be considered, in the absence of satisfactory evidence to rebut the presumption of a conversion, sufficient to warrant them in finding a verdict for the plaintiff."   The refusal of the defendant to deliver the property to the plaintiff was absolute and unconditional.   He gave the plaintiff to understand that the wagon belonged to the defendant, and under no circumstances would he deliver it to the plaintiff.   The absence of the wagon was not the cause of the refusal.   The charge of the court was unexceptionable.   *Thompson* v. *Rose,* 16 Conn., 71; 2 Hilliard on Torts, 254, 262; *Sargent* v. *Gill,* 8 N. Hamp., 325; Story on Bailments, 102.

The defendant further claims that the court erred in charging the jury in accordance with the plaintiff's request upon the following facts :—

" The plaintiff claimed that it was proved, by the evidence of Basset, who was offered by the defendant, that when Basset sold the wagon to the defendant, he informed him that he had conditionally bought it of the plaintiff, and had paid one

half the price, and was to have the title when he paid the balance, and that the defendant took it and subsequently, until the commencement of the suit, claimed and treated it as his own, with full knowledge that Basset did not own it, and thereupon the plaintiff asked the court to instruct the jury that such purchase from Basset, though the defendant paid the full value, and such subsequent exercise of ownership over it, constituted a conversion. The court instructed the jury that if they found these facts proved, they were sufficient to establish a conversion, and their verdict should be for the plaintiff." The defendant insists that the court erred, on the ground that the plaintiff, after having offered evidence tending to show a conversion of the property by proving a demand and refusal, was precluded from showing that the defendant had in fact converted the property, on the ground that there is but one count in the plaintiff's declaration. This claim is without foundation. The demand and refusal is only evidence of a conversion of the property at some time previously thereto. There could have been but one conversion ; and all proper evidence tending to show the fact, either directly or indirectly, was proper evidence to be received. The defendant further claimed on this point, that the court erred in instructing the jury that if they should find the facts proved as claimed by the plaintiff they were sufficient to establish a conversion of the property. The defendant bases this claim upon the fact that Basset conditionally purchased the property of the plaintiff. There is nothing in the motion which shows that the defendant offered any evidence tending to prove this fact. The defendant merely offered evidence that when he purchased the property of Basset he was informed by him that the plaintiff had conditionally sold the property to him ; but this is no evidence of the fact. What Basset told the defendant when he made the purchase, could not be received to affect the title of the plaintiff. The defendant's motion therefore does not show any foundation for this claim.

It appears by the motion that the defendant further claimed to have proved " that when he bought the wagon of Basset, he

did so in good faith, supposing Basset was the lawful owner; that it was not in running order, and that he was obliged, in order to make it so, to expend upon it in necessary repairs a considerable sum of money, which he did before any knowledge of the plaintiff's claim; and he asked the court to instruct the jury that, if they found these facts proved, he would have a lien on the wagon and a right to detain it in his possession until he was reimbursed what he had expended, and that their verdict should be for the defendant." The court declined to give this instruction. This claim of the defendant is obviously untenable. The fact that the defendant purchased the wagon in good faith under the supposition that Basset was the owner, without connecting the plaintiff in any way with the sale, or with knowledge of the repairs till after they were made, could not create a lien upon the wagon in favor of the defendant.

The remaining questions raised by the defendant, excepting the last, are based upon the ground of a conditional sale of the property from the plaintiff to Basset. We have already said that nothing appears in the motion to lay any foundation for such claims, and they therefore cannot be considered. The last claim of the defendant was fully complied with by the court in the charge to the jury.

A new trial is not advised.

In this opinion the other judges concurred.