(3 Misc. Rep. 97.)

## GLUCKMAN et al. v. KLEIMAN.

(Common Pleas of New York City and County, General Term. March 6, 1893.)

LIEN OF ARTISAN—AUTHORITY TO EMPLOY.

In an action to recover the possession of a number of coats, it appeared that plaintiffs employed one G. to finish the coats, and that G., without their knowledge, employed defendant to make the buttonholes of a greater number of coats, including those of plaintiffs. All the coats were delivered in one lot to defendant, who finished and returned to G. all except those of plaintiffs. *Held*, that defendant was not entitled to a lien on plaintiffs' coats for the labor bestowed on the coats returned to G., since there was no evidence to show that plaintiffs authorized G. to deliver the coats to defendant for the purpose of making the buttonholes.

Appeal from second district court.

Action by Adolph Gluckman and another against Herman Kleiman to recover the possession of personal property. There was judgment for defendant, and plaintiffs appeal. Reversed.

Argued before BISCHOFF and PRYOR, JJ.

Charles I. Schampain, for appellants.

Sigmund Feuchtwanger, for respondent.

BISCHOFF, J. Gluckman & Gross, plaintiffs, employed Jacob Gewirtz to finish 37 coats, which were delivered to him for that purpose. Gewirtz, without the knowledge of Gluckman & Gross, employed Herman Kleiman, defendant, to make the buttonholes of a greater number of coats, including those of Gluckman & Gross, which were delivered to him in one lot. All the coats delivered to Kleiman, except those of Gluckman & Gross, were finished, and returned to Gewirtz, and upon the remaining coats Kleiman claimed a lien for the work done upon those returned. Upon demand by Gluckman & Gross for return of their coats, Kleiman asserted his supposed lien, and, in an action to recover possession, he had judgment sustaining the claim of a lien. It is indisputable that an artisan who by his skill and labor enhances the value of the goods of another has a lien for his agreed or reasonable charges, which extends to all the goods delivered to him under one contract, (Morgan v. Congdon, 4 N. Y. 552; Schmidt v. Blood, 9 Wend. 268; Moore v. Hitchcock, 4 Wend. 292,) and that the return of part of the goods does not impair the lien for the labor bestowed thereon as against the goods remaining, (Laundry Co. v. Hahlo, 105 N. Y. 234, 11 N. E. Rep. 500; 3 Pars. Cont. p. 257.) But, to enable the artisan to acquire the lien, it must appear that the person from whom he has obtained possession of the goods was authorized to dispose of them for that purpose, (3 Pars. Cont. p. 242,) either as owner or with the owner's consent, express or implied, (Scott v. Delahunt, 65 N. Y. 128; White v. Smith, 43 Amer. Rep. 347; Small v. Robinson, 31 Amer. Rep. 299; Sargent v. Usher, 20 Amer. Rep. 208; Gilson v. Gwinn, 107 Mass. 126.) A mere bailee for hire has no such authority. Small v. Robinson, 31 Amer. Rep. 299; 4 Lawson, Rights, Rem. & Pr. p. 2983, § 1742. Accordingly it was held that a mechanic who was employed by another, with whom the owner had contracted for work upon a chattel, could not claim a lien in his own right, as against the owner, for the value of his share of the work performed; and this, notwithstanding the fact that the owner knew that he was performing the work while it was in progress, (Hollingsworth v. Dow, 19 Pick. 228;) and that one who had in good faith purchased a chattel from another who claimed to be the owner, and had, by the expenditure of a considerable sum for repairs, greatly improved the value of the chattel before he had ascertained the true owner's rights, could not, as against the latter, assert a lien for the expenditures, (Clark v. Hale, 34 Conn. 398.) The evidence is destitute of everything from which plaintiffs' consent to defendant's right as lienor can be inferred, and the judgment should therefore be reversed, with costs to the appellants to abide the event. Judgment reversed, and new trial ordered, with costs to appellants to abide the event.