(49 Misc. Rep. 493)

SOLOMON et al. v. BOK et al.

(Supreme Court, Appellate Term. February 27, 1906.)

1. LIEN—ARTISAN'S LIEN—LOSS.

Under Laws 1897, p. 532, c. 418, § 70, providing that a person who makes, alters, or repairs an article of personal property at the request of the owner has a lien on such article while lawfully in possession thereof, where several articles are manufactured under an entire contract, the lien is not lost by delivery of a part thereof.

2. SAME—ENFORCEMENT—BURDEN OF PROOF.

Where an artisan, after delivering certain manufactured articles, claims a lien on the articles retained for the full amount earned, on the theory that they were all manufactured under an entire contract, the burden is on him to prove that the contract was entire.

3. SAME—SUFFICIENCY OF EVIDENCE.

Where an artisan, after delivering certain articles, claimed a lien on those retained for the cost of manufacture of the whole number, *held* that the evidence was insufficient to show that the articles were manufactured under an entire contract.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Maurice Solomon and another against Samuel Bok and another. From a judgment for defendants, plaintiffs appeal. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Maurice M. Greenstein, for appellants.
Abraham I. Vilkomirson, for respondents.

GREENBAUM, J. This is an appeal from a judgment of the Municipal Court, Second district, finding an artisan's lien in favor of the defendants for $43.50 in an action brought by plaintiffs to recover chattels. The plaintiffs, merchant tailors, had since August, 1905, employed defendants, coatmakers by trade, to make up part of plaintiffs' coats. Some time between October 4 and 11, 1905, the defendants had in their possession in process of manufacture nine coats belonging to plaintiffs. On October 11th and 12th defendants delivered three coats and one coat, respectively, to plaintiffs; and on the last-named date demanded payment for the work done on the four coats, which the plaintiff Solomon refused, saying to the defendant David Bok, so the latter testifies: "You spoiled my coat. I will not give you any money at all;" and "Get out.' That he would give me no money until I bring

him the other coats that I am now on"; meaning by the other coats "the other five coats from the nine coats." On October 14, 1905, plaintiff Solomon called at defendants' place of business, demanded the remaining five coats still in their possession, and tendered $24 in payment for the work and labor performed on those particular five coats. Defendants refused to surrender the same until they had been paid $43.50 due them for the work done on all nine coats, claiming an artisan's lien on the five coats in their possession for the full amount of their claim.

There appears to be no dispute as to the amount due to defendants. Plaintiffs' claim is that defendants were entitled to no lien on the five coats in their possession for the amount due on the four coats already delivered, basing this contention on the theory of a separate contract with the defendants for each garment, and that, having tendered the amount due for the work actually performed on the remaining five, any lien claimed by defendants as to those could not be enforced. If the contract is separate as to each garment, plaintiffs are correct in their contention, and the lien was lost as to the four garments voluntarily relinquished. If, on the other hand, as the defendants claim, it was a contract covering the nine garments, the lien was not lost as to those already voluntarily delivered. Lien Law, Laws 1897, p. 532, c. 418, § 70; Morgan v. Congdon, 4 N. Y. 552; Wiles Laundry Co. v. Hahlo, 105 N. Y. 234, 11 N. E. 500, 59 Am. Rep. 496; Blumenberg Press v. Mutual, etc., 77 App. Div. 86, 91, 78 N. Y. Supp. 1085.

The burden of proving their lien was on defendants, which necessarily involved proof of the entirety of the contract. Defendants offered no evidence that the nine coats were given them at the same time, nor of the exact terms of the contract, nor of the usual course of business dealings between themselves and plaintiffs. On the other hand, there is proof that there was attached to each garment a separate ticket, upon which was marked a separate price for which the work was to be performed. Furthermore, the demand made by defendants, according to their own story, for payment of the four coats at the time of their delivery tends to show that the contract was not entire, but that each coat was a separate transaction.

In view of the defects in defendants' proof and the evidence above indicated, in my opinion defendants failed to sustain the burden of proof cast upon them, and the judgment appealed from should be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.