BAUER et al. v. COHEN et al.

(Supreme Court, Appellate Division, Second Department. June 5, 1908.)

LIENS—ARTISAN'S LIEN—WAIVER.

    Plaintiffs delivered to defendants lawn to be embroidered at an agreed price per stitch, and returned as the work progressed; plaintiffs to pay one half of the agreed price on delivery, and the other half on examination of work and finding it satisfactory. Two deliveries were made by defendants, but plaintiffs failed to pay therefor, whereupon defendants refused to continue the work, and tendered the remainder of the lawn, on condition that payment be made for the work already done. *Held*, in an action to recover possession of the lawn, wherein the defense of artisan's lien was made, that it was a good defense to the extent of the one-half of the agreed price payable on delivery of the lawn finished, since as to that amount the lawn was not to be delivered before payment.

Appeal from Municipal Court of New York.

Action by Bruno Bauer and another, copartners, against Harris Cohen and another, copartners. Judgment for plaintiffs, and defendants appeal. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Jerome A. Strauss, for appellants.
Theodore F. Kuper, for respondents.

GAYNOR, J. The plaintiffs delivered to the defendants 1,300 yards of lawn to be embroidered by them at an agreed price per stitch, and returned to the plaintiffs in installments as the work progressed, the plaintiffs to pay 50 per cent. of the agreed price on each delivery to them, and the remaining 50 per cent. when they should have examined the work and found it satisfactory. Two deliveries were made by the defendants, but the plaintiffs failed to pay them therefor, whereupon the defendants refused to continue their work and tendered back the remainder of the lawn on condition that payment be made for the work already done. The defendants did not pay, and brought this action to recover possession of the goods. The defendants pleaded an artisan's lien as a defense. This was a good defense to the extent of the amount due and payable to them on the delivery of the material which they had finished, at all events, and the judgment for the plaintiffs was erroneous. An artisan's lien is lost where the material or object on which the work is to be done is by the contract to be delivered before payment and credit given. Morgan v. Congdon, 4 N. Y. 552; Blumenberg Press v. Mutual Mer. Agency. 177 N. Y. 362, 69 N. E. 641. But that is not this case in respect of the 50 per cent. to be paid on delivery. It is the contract which determines; and mere delivery of a part without payment does not affect the lien on the goods still in hand where the contract was for payment on delivery. Cases supra.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.