In re LINDAU.

Ex parte BROZEN.

(District Court, S. D. New York. December 15, 1910.)

1. BAILMENT (§ 18*)—ARTISAN'S LIEN—EXTENT.

Where an artisan received skins from a bankrupt to be worked up into garments, he was entitled to hold the residue of any given lot of skins for the whole sum due for work on all of that particular lot, but had no general lien.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 77–84; Dec. Dig. § 18.*]

2. PAYMENT (§ 39*)—APPLICATION OF PAYMENTS—DEDUCTION.

The rule for applying payments to earliest debts is merely one of presumption; and, in the absence of agreement to the contrary, the creditor may apply the payment as he desires.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 104–114; Dec. Dig. § 39.*]

3. BAILMENT (§ 18*)—ARTISAN'S LIENS—SCOPE.

Petitioner had received several allotments of skins from a bankrupt at different times to work into garments. The custom was to pay him on Tuesday for all work done the preceding week, and he to make delivery of finished garments. On bankruptcy there was owing him on general account less than $1,000, which sum was also less than the value of the work done on the last lot of skins sent him 9 days before the petition was filed. On that day he held garments made of 105 skins, of which not half were from the last lot delivered him, and the rest he had withheld from former lots. *Held* that, since the balance due did not in any case extend beyond the balance due on the lot retained, the lien was good to the extent of the whole balance.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 77–84; Dec. Dig. § 18.*]

In the matter of bankruptcy proceedings against Simon Lindau, trading as S. Lindau & Co. Proceeding to establish the extent of the lien of one Moe Brozen on property of the bankrupt. Order for petitioner.

Robert P. Levis, for Receiver.
John Bogart, for witness.

HAND, District Judge. In this case an artisan had received several allotments of skins from the bankrupt at different times to work

up into garments. There is no evidence of any particular agreement except such as arises by implication. The custom was for the artisan to be paid on Tuesday for all work of the preceding week and to make deliveries of finished garments, as he thought he might securely, or as the bankrupt succeeded in pressing them from him. At the time of the bankruptcy there was owing the artisan on general account less than the sum of $1,000, which sum also was less than the value of the work done upon the last lot of skins sent him nine days before petition filed. On that day he held garments made of 105 skins, of which about half were of the last lot delivered to him, and the rest he had withheld from former lots, though just what he cannot now say. The question is of the extent of his lien.

The artisan is entitled to hold the residue of any given lot for the whole sum due for work on all that lot. In short, the release of a part of a lot throws the lien upon the balance. Morgan v. Congdon, 4 N. Y. 552. On the other hand, there was no general lien under well-established law. The usual attribution of payments in an account like this would be against the first indebtedness. That would make the unpaid balance arise wholly from work done of the last lot. For that sum all of the skins which remain in the artisan's hands of the last lot he might hold on his lien. This would, however, release to the estate the skins withheld from earlier lots. However, the rule of attributing payments to earlier debts is merely one of presumption, and, in the absence of agreement to the contrary, the creditor has the right to apply payments as he pleases. What must be the presumption then arising from the retention of parts of the preceding lots? Obviously, that the artisan was withholding some of those skins for a balance due for work upon the lot of which they formed a part. Subsequent payments he must have meant to apply to other lots, else why keep back any part of the lots paid in full?

The result is this: Suppose there be parts of lots A, B, C, and D retained by the artisan, and a balance due him of $1,000. He must be supposed originally to have held the skins out of lot A for as much of that balance as they would safely cover. Similarly with lots B and C. As to lot D, he has, of course, a lien upon that equal to the balance of the indebtedness. The result is just the same as though all the skins retained came from lot D, and that is the disposition I make of the motion. This is quite different from giving the artisan a general lien because that means that the goods of one shipment may be held for advances upon another. This would arise even upon open account when the general balance was greater than the sums advanced upon the merchandise retained. For example, if the total balance due here was $2,000, of which one-half was due on the last lot and if the skins all came from the last lot, the lien would be for $1,000 only.

As the balance due does not in any case extend beyond the balance due on the lot retained, the lien is good to the extent of the whole balance.

Let an order pass for the petitioner; no costs.