BENJAMIN EPSTEIN *vs.* KOLMAN LURIA.

First Judicial District, Hartford, October Term, 1922.
WHEELER, C. J., BEACH, BURPEE, KEELER and HINMAN, Js.

An absolute and unconditional refusal to deliver the plaintiff's goods upon demand is a prerequisite to the maintenance of an action for conversion.

The defendant had in his possession a quantity of the plaintiff's copper which he was bound to deliver upon demand, and the plaintiff in turn was bound to deliver concurrently the defendant's note for $20,955. The trial court found that there was an absolute and unconditional demand for, and a refusal to deliver, the copper. *Held* that upon the evidence it could not be said that this finding was unreasonable.

Argued October 3d—decided October 27th, 1922.

ACTION to recover the amount of a promisso y note for $5,000, and, in a second count, to recover damages for the alleged conversion of a quantity of copper, brought to and tried by the Superior Court in Litchfield County, *Wolfe, J.;* facts found and judgment rendered for the plaintiff for $16,966, and appeal by the defendant. *No error.*

*Robert L. Munger,* for the appellant (defendant).

*Samuel A. Herman,* for the appellee (plaintiff).

PER CURIAM. The plaintiff and defendant entered into an agreement March 11th, 1920, by which defendant was to purchase of plaintiff 55,000 pounds of copper, and pay him for the same $5,877.50 in cash, and $5,000 by note dated March 15th, 1922, and payable one month after date, and defendant was to store 55,000 pounds of copper belonging to plaintiff free of charge, and within a reasonable time load it upon the cars at request of plaintiff and free of cost to him, and concurrently plaintiff was to deliver to defendant a note for $20,955 made by defendant to plaintiff in a prior transaction. And the parties further mutually agreed to reduce to writing the conditions under which defendant held the 55,000 pounds of copper belonging to plaintiff. Defendant paid the $5,877 and delivered the note for $5,000 as agreed. The parties each protested their willingness to comply with this agreement. The defendant was unwilling to deliver the copper, or to deliver a writing setting forth the conditions upon which plaintiff's copper was held, until plaintiff made delivery of the $20,955 note. The plaintiff was unwilling to deliver the note until he had the copper or the writing; and so the parties continued in their unwise course until finally plaintiff, as the trial court has found, did make an unconditional demand for the delivery of the copper, and offered at the same time to return the note, and thereafter this action was brought.

The defendant's case rests upon his claim that there must be an absolute and unconditional refusal to deliver on demand, to constitute a conversion, and that no such refusal had been established by the evidence. An absolute and unconditional refusal to deliver is an

undoubted prerequisite to the maintenance of an action for conversion. *Clark* v. *Hale*, 34 Conn. 398. The trial court has found such refusal, so that the defendant cannot prevail unless it appears that the court's finding is not supported by the evidence. The decision of this question is narrowed to the ascertainment of whether the demand, as defendant claims, was made for the copper and for the payment of the $5,000 note jointly, and the concurrent offer was made to return the $20,955 and the $5,000 notes; or whether the demand was made for the copper, and the offer made to deliver the $20,955 note at the time of delivery of the copper, and a separate demand made for the payment of the $5,000 note. The trial court has found that the demand for the copper and the tender of the $20,955 note, and the refusal to make such delivery, were made apart from the demand for the payment of the $5,000 note. The finding is of an absolute and unconditional demand for, and the refusal to deliver, the copper. As we read the evidence, we cannot say that this finding is unreasonable. Undoubtedly the trial court took into consideration the fact that the cause of action for the note and that for the conversion were wholly separate, that the demand was obviously made upon advice in anticipation of this action, and that the court's interpretation of the evidence would give to the plaintiff that which was his admitted due. At the payment of this judgment the plaintiff will unquestionably, as in duty bound, deliver to defendant the note for $20,955.

There is no error.