## Allstate Insurance Company v. Tallon

Before Watson, Flaherty and Ross, *JJ.*

*John M. Silvestri*, for plaintiff.
*Samuel Avins*, for defendant.

ROSS, E., *J.*, June 15, 1978—This matter is before the court on exceptions of defendant, Lawrence Tallon, to the entry of judgment by the court on November 28, 1977, in favor of plaintiff against defendant, Lawrence Tallon, doing business as Tallon's Auto Body, giving Allstate Insurance Company the right to receiver possession of a 1975 Oldsmobile Cutlass vehicle identification number 3J57T5M312910 valued at $4,300.

Defendant's exceptions to the adjudication, filed December 14, 1977, are based on the following:

1. The court failed to find that defendant had a common law lien against the automobile in the total sum of $3,718.49 ($2,812.49 for repairs and improvements and $900 for storage);

2. The court erred in failing to make an order that plaintiff might have possession of the said automobile upon the payment of $3,718.49 to defendant;

3. Alternatively, the court erred in finding the automobile had a money value of $4,300 when it came into the possession of defendant;

4. The court erred in failing to find that the automobile had been demolished and had inconsequential value at the time it came into defendant's hands and before he had repaired and improved it;

5. The court erred in failing to find that plaintiff would be unjustly enriched;

6. Alternatively the court erred in not molding its judgment to require defendant to recover by way of an equitable lien the difference in value between the automobile prior to its repairs and improvement by defendant.

Plaintiff filed a petition to strike defendant's exceptions on the ground they were filed beyond the ten-day limit prescribed in Rule 1038(d) of the Pennsylvania Rules of Civil Procedure. Defendant filed an answer alleging that although the court's order was filed on November 28, 1977, defendant did not receive notice of the order until December 5, 1977, and therefore his filing of exceptions on December 14, 1977, was within the limit imposed by Rule 1038(d).

The facts initially giving rise to the within cause of action in replevin are as follows:

For a period of time prior to October 13, 1975, the automobile in question was owned by Donald E. Knafler and financed by General Motors Acceptance Corporation, the holder of an encumbrance on the vehicle of approximately $6,293.95.

On or about October 13, 1975, between 7:10 a.m. and 4:00 p.m. the Cutlass was stolen by a third person. Knafler reported the theft to the University of Pittsburgh Campus Police, City of Pittsburgh

Number 4 police station and plaintiff, which was Knafler's insurance company.

On November 6, 1976, Allstate paid Knafler $86.05 pursuant to his comprehensive insurance policy and on November 24, 1975, it paid General Motors Acceptance Corporation $6,293.95.

Allstate acquired title to the vehicle on or about January 19, 1976.

Sometime in November of 1976, approximately nine months after Allstate received title, the vehicle was taken to defendant Tallon for repair work by Richard L. Lindsay who represented to defendant Tallon that he was the owner and that he was authorizing the repairs, which Tallon proceeded to perform.

When Lindsay did not pay for the repairs, defendant instituted a justice of the peace execution sale against Lindsay in June or July of 1977, but that sale was never consummated. Thereafter, defendant began a vehicle owner check through the Pennsylvania Department of Transportation and on or about August 4, 1977, defendant found out that Allstate had title to the vehicle which had been stolen. Tallon notified Allstate that the vehicle was in his possession but after requests from Allstate refused to deliver possession of the vehicle to plaintiff.

Thereafter, on October 13, 1977, plaintiff filed the within action in replevin requesting possession of the vehicle. A seizure bond in the amount of $8,600 was filed. On November 23, 1977, a hearing was held in this matter. At the outset of the hearing counsel for defendant represented that an answer and counterclaim had been prepared and would be filed subsequent to the hearing.

Plaintiff's motion to strike the exceptions based

on a violation of Pa.R.C.P. 1038(d) must be denied. Rule 1038(d) imposes a ten-day limit after notice of the entry of a decision for the filing of exceptions. While the court's order was entered on November 28, 1977, defendant did not receive notice thereof until December 5, 1977. Plaintiff has not controverted defendant's statement as to the date notice was received. Defendant filed timely exceptions within ten days of the notice to him of the court's adjudication and his exceptions are properly before the court.

The only remaining issue before the court is whether or not defendant's repair and storage of the 1975 Cutlass created a common law lien in favor of defendant and against Allstate.

Defendant has argued that the present facts raise a bailment situation and therefore defendant acquired a common law lien by virtue of the work he performed on the automobile. In support of this proposition defendant has cited Saxton v. Gemehl, 72 Pa. Superior Ct. 177 (1919), which held an automobile dealer was entitled to a lien for repairs and storage. Defendant also cites Meyers v. Bratespiece, 174 Pa. 119, 34 Atl. 551 (1896), wherein the court held a tailor had not acquired a lien because he knew the person who brought cloth to him was not the owner of the cloth.

The Saxton case, supra, has no bearing on the present case. In Saxton, the contract for repairs was made by the bailee and the owner of the vehicle. A true bailment contract existed. This case is adverse to defendant's position because it finds a common law lien in situations where the owner either expressly or impliedly enters into a contract with the bailee.

Also, the Meyers case is of no benefit. In Meyers the bailee knew the cloth belonged to plaintiffs and that the person who delivered the cloth to him was not the owner. Since there was no contractual relationship between the bailee and the owner, the court refused to impose a lien.

The Superior Court recently had an opportunity to review the law regarding common law liens in Apartment Owners and Managers Committee v. Brown and Gnas v. Natalie's Towing Service, ___ Pa. Superior Ct. ___, 382 A. 2d 473 (1977). In that case apartment owners in State College, Pennsylvania, hired Natalie Towing to remove unauthorized cars parked on private property. Natalie would tow the cars to a private lot and refuse to return them to the owners until the towing expenses were paid. One owner, Gnas, sued Natalie for the towing expenses he had paid.

The court noted on pages 476 and 477: "[3] The common law lien arises by implication from the express or implied contractual relation that exists between the workman and the owner. See 51 Am. Jur. 2d, Liens §21 (1966). Thus, it is well settled that a common law lien does not attach when the goods have been brought to the workman without the express or implied consent of the owner."

Citing Meyers v. Bratespiece, supra, upon which defendant relies, the court went on to state on page 477:

" ' "Whenever a workman or artisan, by his labor or skill, increases the value of personal property placed in his possession to be improved, he has a lien upon it for his proper charges until paid," but "in order to charge a chattel with this lien the labor

for which the lien is claimed must have been done at the request of the owner, or under circumstances from which his assent can be reasonably implied. It does not extend to one not in privity with the owner." 13 Am. & Eng. Enc. of Law, pp. 590, 591; Clark v. Hale, 34 Conn. 398; and Hollingsworth v. Dow, 19 Pick. 228.' "

In the case before the court no contract express or implied existed between plaintiff and defendant. No facts exist to show that Lindsay was in any privity with the owner, Allstate, or the previous owner, Knafler. Thus, a bailment relationship did not exist and defendant did not acquire a common law lien as to plaintiff owner, Allstate.

Defendant has requested that the court under a quantum meruit theory award damages to defendant. At the time of the hearing this issue was not before the court. Even if such a counterclaim were appropriate, that now asserted by defendant was not filed in proper form. Defendant should file an appropriate pleading to assert his claim. The issue cannot be raised now by exceptions when it was not before the court when it ruled originally on the merits.

For reasons cited herein, the exceptions of defendant are denied.

ORDER

And now, June 15, 1978, upon consideration of the within exceptions of defendant, Lawrence Tallon, to the order of court dated November 28, 1977, wherein the court entered judgment for plaintiff,

Allstate Insurance Company, after consideration of the briefs of both parties and arguments in this matter

It is hereby ordered, adjudged and decreed that defendant's exceptions are denied.