Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
W.E. STEPHENS MANUFACTURING            ) 
COMPANY,                                                        )                  No. 08-04-00232-CV
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                 County Court at Law No. 3
)
HOWARD GOLDBERG, IN HIS             )                  of El Paso County, Texas
INDIVIDUAL CAPACITY AND D/B/A       )
SUPREME LAUNDRY and                            )                  (TC# 2000-4168)
D & G INVESTMENT COMPANY,                  )
                                                                             )
                                    Appellees.                        )

O P I N I O N

            W.E. Stephens Manufacturing Company appeals from a summary judgment granted in favor
of Howard Goldberg, in his individual capacity and d/b/a Supreme Laundry and D & G Investment
Company. We reverse and remand.
FACTUAL SUMMARY
            W.E. Stephens Manufacturing Company (Stephens) designs, manufactures, and sells
garments to large retailers including J.C. Penney and K-Mart. Its operations are year-round and
driven by consumer demand resulting in a rapid-changing and seasonal clothing line. Stephens
sometimes utilizes independent contractors to perform various aspects of the manufacturing process,
and in 1997, Stephens entered into a contract with Tony Flores d/b/a International Assembly and
Reprocessing Company, to assemble and finish a certain line of pants and jackets. Although
Stephens compensated Flores for the entire process, Flores did not perform the necessary finishing
and laundering so he entered into an oral contract with D & G Investment Company d/b/a Supreme
Laundry (D & G) to perform this work. According to Flores, Stephens was aware that he sub-contracted with D & G for the laundering.
            In the fall of 2000, Flores did not return to Stephens five cuts representing 5,532 articles of
clothing. Stephens learned that D & G held the cuts in their El Paso laundry and refused to release
them because Flores had not paid the laundering charges owed by him to D & G. Stephens offered
to pay the $5,888 in laundering charges for the five cuts so the items, valued at $54,734.76, could
be distributed to J.C. Penney and K-Mart. D & G would not release the garments unless Stephens
paid the entire amount owed it by Flores--$38,000. Protesting that D & G could not hold the
garments until unrelated debts were paid, Stephens did not pay the demanded amount and D & G
continued to hold the garments.
            On November 21, 2000, D & G filed a suit on sworn account against Flores in the 327th
District Court.


 Stephens filed suit on December 19, 2000 against the D & G defendants alleging
conversion and breach of a bailment contract. On April 26, 2001, D & G sold the five cuts in a
public auction for the net amount of $1,584.36 and applied the proceeds to Flores’ debt. In a
separate proceeding, D & G obtained a default judgment against Flores on May 21, 2001 for
$37,989.40 plus attorney’s fees.
            On April 16, 2004, D & G filed a motion for partial summary judgment based on its claim
of a constitutional lien pursuant to Article 16, Section 37 of the Texas Constitution and a statutory
lien pursuant to Section 70.002 of the Texas Property Code.


 The motion was supported by
affidavits of the company president, Howard Goldberg, and by Flores. According to Flores, he had
a single contract with D & G Investments d/b/a Supreme Laundry to launder the items manufactured
by Flores for Stephens. The trial court granted D & G’s motion for partial summary judgment as to
the conversion and breach of bailment contract actions and subsequently entered a final judgment
in favor of D & G.
GARMENT LIEN
            In its first issue, Stephens asserts that the trial court erred in granting summary judgment
because the garment lien only extended to the garments in D & G’s possession and did not apply to
those garments which had been released by D & G. 
Standard of Review
            In a traditional summary judgment proceeding, the standard of review on appeal is whether
the successful movant at the trial level carried the burden of showing that there is no genuine issue
of material fact and that judgment should be granted as a matter of law. Lear Siegler, Inc. v. Perez,
819 S.W.2d 470, 471 (Tex. 1991); Duran v. Furr’s Supermarkets, Inc., 921 S.W.2d 778, 784
(Tex.App.--El Paso 1996, writ denied). Thus, the question on appeal is not whether the summary
judgment proof raises fact issues as to required elements of the movant’s cause or claim, but whether
the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material
fact as to one or more elements of the movant's cause or claim. Gibbs v. General Motors Corp., 450
S.W.2d 827, 828 (Tex. 1970); Duran, 921 S.W.2d at 784. In resolving the issue of whether the
movant has carried this burden, all evidence favorable to the non-movant must be taken as true and
all reasonable inferences, including any doubts, must be resolved in the non-movant’s favor. Nixon
v. Mr. Property Management Co., Inc., 690 S.W.2d 546, 548-49 (Tex. 1985); Duran, 921 S.W.2d
at 784. A defendant who conclusively negates at least one essential element of each theory pled by
the plaintiff is entitled to summary judgment. Wornick Co. v. Casas, 856 S.W.2d 732, 733 (Tex.
1993); see Camacho v. Samaniego, 954 S.W.2d 811, 817 (Tex.App.--El Paso 1997, pet. denied).
Breach of Bailment, Conversion, and
D & G’s Garment Lien Defense

            For a bailor-bailee relationship to exist, there must generally be (1) a contract, either express
or implied, (2) delivery of property to the bailee, and (3) acceptance of the property by the bailee.
Russell v. American Real Estate Corporation, 89 S.W.3d 204, 210 (Tex.App.--Corpus Christi 2002,
no pet.). A bailment may arise by implication of law if proof of sufficient circumstances show the
implied relationship of bailor and bailee rests upon a substantive foundation. Id. at 210-11. In an
implied bailment, it is not necessary that delivery and acceptance be formal. Id. at 211. Knowingly
taking property into possession or control is a sufficient acceptance and may suffice to establish an
implied bailment. Id. A bailment relationship does not create a specific cause of action but instead
allows the bailor to choose specific relief for breach of the bailment contract, e.g,. an action for
breach of contract, or an action for conversion. See International Freight Forwarding, Inc. v.
American Flange, 993 S.W.2d 262, 269 (Tex.App.--San Antonio 1999, no pet.); Seale v. White, 217
S.W.2d 38 (Tex.Civ.App.--Dallas 1949, writ ref’d n.r.e.). In this case, Stephens has chosen to
pursue an action for conversion.
            Conversion is the unauthorized and wrongful assumption and exercise of dominion and
control over the personal property of another to the exclusion of, or inconsistent with, the owner’s
rights. Waisath v. Lack’s Stores, Inc., 474 S.W.2d 444, 447 (Tex. 1971); Smith v. Maximum Racing,
Inc., 136 S.W.3d 337, 341 (Tex.App.--Austin 2004, no pet.). To establish a claim for conversion
of personal property, a plaintiff must prove that: (1) the plaintiff owned or had legal possession of
the property or entitlement to possession; (2) the defendant unlawfully and without authorization
assumed and exercised dominion and control over the property to the exclusion of, or inconsistent
with, the plaintiff’s rights as an owner; (3) the plaintiff demanded return of the property; and (4) the
defendant refused to return the property. Smith, 136 S.W.3d at 341; Whitaker v. Bank of El Paso,
850 S.W.2d 757, 760 (Tex.App.--El Paso 1993, no writ). Wrongful intent is not an element of
conversion. Thomas v. McNair, 882 S.W.2d 870, 884 (Tex.App.--Corpus Christi 1994, no writ).
            D & G sought to defeat the second element of Stephens’ conversion claim by alleging that
it lawfully exercised control of the garments because it had a valid garment lien pursuant to
Section 70.002 of the Texas Property Code:
A person with whom a garment is left for repair, alteration, dyeing, cleaning,
laundering, or pressing may retain possession of the garment until:
 
(1) the amount due the person under the contract for the work is paid; or
 
(2) if no amount is specified by contract, the reasonable and usual compensation is
paid.

Tex.Prop.Code Ann. § 70.002 (Vernon 1995).
            Section 70.002 is one of four possessory liens established by the Texas Property Code. See
Tex.Prop.Code Ann. § 70.001 (Vernon Supp. 2004-05)(worker’s lien); Tex.Prop.Code Ann.
§ 70.003 (stable keeper’s, garageman’s, pasturer’s, and cotton ginner’s lien); Tex.Prop.Code Ann. 
§ 70.004 (possession of motor vehicle, motorboat, vessel, or outboard motor). Actual possession
of the property subject to the lien is required in order to enforce a possessory lien. Kollision King,
Inc. v. Calderon, 968 S.W.2d 20, 22 (Tex.App.--Corpus Christi 1998, no writ); Thompson v. Apollo
Paint & Body Shop, 768 S.W.2d 373, 376 (Tex.App.--Houston [14th Dist.] 1989, writ denied). The
right to possession is lost upon delivery of the property subject to the lien. Kollision King, 968
S.W.2d at 22; Thompson, 768 S.W.2d at 376.
            D & G acknowledges the general rule that a possessory lien, such as the one provided by
Section 70.002, is extinguished when an artisan gives up possession of the goods, but it argues that
this rule should not apply when an artisan works on incremental lots under a single long-term
contract. D & G directs us to four 19th century cases to show that the common law permitted an
artisan to hold the goods still in his possession until the full amount of the contract was satisfied. 
Blake v. Nicholson, 105 English Reports 573 (1814), Chase v. Westmore, 105 English Reports 1016,
5 Maule & Selwyn 180 (1816), Morgan v. Congdon, 4 NY 552 (1851), and Wiles Laundry Company
v. Hahlo, 105 N.Y. 234, 11 N.E. 500 (1887). 
            In Blake v. Nicholson, a printer was hired by Stratford before his bankruptcy to print 8,750
copies of Dr. Hawker’s Commentary on the Bible. Stratford supplied the paper for printing the
volumes as they were to be printed and a separate charge was made by the printer for each printing. 
The printer delivered 5,987 books but retained the remainder in his possession when Stratford did
not pay the entire amount due. The assignees sought delivery of the remaining copies and tendered
the amount due only for those copies. The printer refused to deliver them, arguing that he had a lien
for the entire balance. The assignees brought a trover action against the printer and the court directed
a nonsuit. The court found that the printer held a general lien because the work performed was “one
entire work.”
            In Chase v. Westmore, a wheat miller entered into a contract with mealmen to process a
quantity of wheat. The miller processed and delivered 146 loads of wheat. After the mealmen
became bankrupt, the assignees demanded that the miller deliver the goods remaining in his
possession, but the miller refused and held the property against the entire balance owed under the
contract. The assignees brought a trover action against the miller. The court held that the miller
could retain the remaining goods against the entire balance because all of the work was performed
under one bargain even though it was delivered in different parcels and at different times.
            In Morgan v. Congdon, Morgan delivered a quantity of pine logs to Congdon’s saw mill to
be sawed into boards. Congdon sawed all but 128 of the logs, and delivered the lumber. Congdon
claimed a lien in the remaining logs for his account. Morgan brought a replevin action. The jury
found that even though Congdon sawed the logs on different days, they were sawed under one
contract and the trial court entered judgment in favor of Congdon. The Court of Appeals of New
York affirmed, citing the common law rule that a bailee for hire who imparts an additional value to
goods has a lien upon the property for his reasonable charges. Morgan, 4 N.Y. at 553. This lien
extends to the whole of one entire work upon one single subject and it applies whether there be an
agreement to pay a stipulated price or only an implied contract to pay a reasonable price. Id. 
Because the sawing of the logs was an entire work, Congdon’s lien for his whole compensation
extended to every portion of the logs. Id.
            The New York Court of Appeals had occasion to apply this rule again in Wiles Laundry
Company v. Hahlo. A laundry company agreed to launder cuffs and collars for a manufacturer.
Under the contract, the laundry company was required to return the goods “as fast as laundered” and
the manufacturer agreed to pay the laundry on the first of the month for those goods laundered and
returned during the preceding month. The manufacturer paid the laundry company in this fashion 
for several months, but it eventually defaulted on the agreement. The sheriff executed a judgment
in favor of Hahlo and seized all of the collars and cuffs in the laundry’s possession over the laundry’s
claim of a lien. Hahlo tendered the amount due for the work done upon the seized goods but the
laundry argued that it had a lien in these garments for the entire balance owed it by the manufacturer. 
The laundry company sued the sheriff and Hahlo contending that it had a valid lien. The court
acknowledged the rule articulated in Morgan v. Congdon, but held that even though the laundry
company performed the work under a single contract, the rule does not apply when the contract
specifies a particular future time of payment. Id., 11 N.E. at 502-03. Since the laundry company was
obligated to return the goods prior to payment, the Morgan rule was inapplicable. Id.
            D & G asserts that since Section 70.002 permits a laundry to retain possession of a garment
until the amount due under “the contract” is paid, it essentially codifies the “single contract” rule
discussed in the above cases. In analyzing Section 70.002, we keep in mind that if the meaning of
a statute is clear and unambiguous, extrinsic aids and rules of construction are inappropriate. Collins
v. County of El Paso, 954 S.W.2d 137, 147 (Tex.App.--El Paso 1997, pet. denied). Instead, the
statute should be given its common, everyday meaning. Id. 
            The plain language of Section 70.002 provides that a person who performs work on a
garment may retain possession of that garment until the person is paid the contractual amount due
for the work done on that garment. It is not clear from the statute that the Legislature intended to
provide for the type of general lien recognized in the cases cited by Appellees. Even if it did, this
case falls within the exception applied in Wiles Laundering v. Hahlo. The summary judgment
evidence revealed that Appellees returned multiple lots of garments to Flores between August 21,
2000 and October 13, 2000. Flores was not obligated to pay Appellees immediately on receipt of
the goods because Appellees provided Flores with invoices setting forth the work done and the
amount due “net 15.” Thus, the contract set forth a future time of payment and the “single contract”
rule would not apply. Wiles Laundry, 11 N.E. at 502-03. Issue One is sustained. Because of our
disposition, it is unnecessary to address Issue Two. The summary judgment granted in favor of
Appellees is reversed and the cause is remanded for trial.


August 25, 2005                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.