**H. C. ALLISON, Appellant,**

v.

**Margarito G. SINGH, Appellee.**

No. 5565.

Court of Civil Appeals of Texas.

El Paso.

Feb. 20, 1963.

Rehearing Denied March 13, 1963.

Russell & Tomlin, J. M. Preston, Pecos, for appellant.

Means & Leigh, Pecos, for appellee.

CLAYTON, Justice.

This is a suit brought by Margarito G. Singh, appellee, against H. C. Allison, appellant, for title and possession of certain personal property, the petition containing alternate counts for damages. The property consisted largely of farm machinery, accessories, tools, equipment and supplies, and certain personal effects.

Appellee purchased from appellant a section of farm land in Reeves County in 1958. Upon appellee's failure to meet certain payments when due, appellant foreclosed on the farm and it was bought in by appellant at a Trustee's sale held on April 7, 1959. At the time appellee vacated the farm he allegedly left the farm machinery and other items on the premises that were taken over by appellant on April 8, 1959. On or about April 22, 1959 appellee caused to be served on appellant a "Demand for Possession of Personal Property" in which some of the property claimed by appellee was listed. In response to this demand, appellant delivered to appellee's attorney clothing, personal effects and papers belonging to appellee. Appellant testified that at this time he informed appellee's attorney "that whatever else was down

there (on the farm) that he wanted, that if they would send after it, they could have it." Nothing further transpired between the parties until April 14, 1960 when the appellee caused appellant to be served with another "Demand for Possession of Personal Property" containing a more detailed list of property claimed by appellee. On April 15, 1960 appellant wrote a letter to appellee's attorneys listing certain items claimed by appellee and stating that the listed items were all of appellee's personal property that was on the farm premises at the time of the take-over on April 8, 1959. Appellant wrote: "You are further advised that I am ready to make delivery of the above listed property to the Sheriff of this county or his duly authorized representative * * *." The items of property were received and receipted for on April 18, 1960 by an agent of appellee who went to the farm for that purpose.

Appellee filed suit on May 17, 1960. In the first count of the petition appellee acknowledged receipt of the property delivered to his agent by appellant, but alleged that the latter was wrongfully withholding from appellee the other property claimed. He asked judgment for title and possession of the other property plus damages due to wear, tear and depreciation of this property during the time it was in possession of the appellant, or for the value of such of this property as could not be found.

In the second count of the petition, appellee plead in the alternative that appellant had converted the property that had not been returned, and asked for damages for such conversion.

In the petition's third count appellee asked for additional damages covering loss of value of the property returned by appellant due to wear, tear and willful and malicious abuse by appellant of this property while in possession of the appellant, and for exemplary damages for such willful and malicious conduct on the part of appellant.

Trial was to a jury. In answer to Special Issues Nos. One and Two the jury found that of a list of unreturned articles set out in Count One of the petition, some were owned by appellant and some by appellee on April 8, 1959, and that the latter's share had a reasonable market value of $216.00. In answer to Special Issues Nos. Three and Four the jury found that the difference between the reasonable market value of the returned items as of April 8, 1959 and as of April 18, 1960 was $2195.00. Under Special Issues Nos. Five and Six the jury answered that certain other listed items had been left on the farm by appellee on April 8, 1959 and that these items had a reasonable market value of $431.00. In Special Issues Nos. Seven and Eight the jury found that the appellant had unlawfully, willfully, wrongfully and maliciously used and damaged some of appellee's property with the intent and purpose of damaging and injuring appellee, and awarded $600.00 exemplary damages. Judgment was rendered for appellee on the verdict in the amounts set out above, from which judgment appeal is taken.

As to the articles referred to in Special Issues Nos. One and Two, the appellant claimed in his testimony that he owned such articles. The jury found that some of the articles valued at $216.00 were owned by appellee, and it was within the jury's province to so find. As to these latter articles we feel that a conversion on the part of appellant has been made out. Conversion has been defined as "the unlawful and wrongful exercise of dominion, ownership, or control by one person over the property of another, to the exclusion of the exercise of the same rights by the owner, either permanently or for an indefinite time * * *." 14 Tex.Jur.2d 5, ¶1 and cases there cited. The property involved in Special Issues Nos. One and Two was listed in appellee's "Demand for Possession of Personal Property" which was served on appellant on April 14, 1960. This property was not returned to appellee by appellant, who claimed it as his own and retained

possession of it. The jury found part of it to belong to appellee. As to this part, there was an exercise of "dominion, ownership and control" by appellant over the property, "to the exclusion of the exercise of the same rights" by appellee. It is true, as set out in appellant's Point of Error No. 1, that there was no jury finding "that possession of said property was demanded by appellee and refused by appellant" but the evidence is undisputed in this respect that it only remained for the jury to determine what part of such property, and the value thereof, belonged to appellee. Appellant's first point of error is overruled.

As has been stated, the jury found in answer to Special Issues Nos. Three and Four that the articles returned to appellee by appellant had decreased in value to the extent of $2195.00 between April 8, 1959 and April 18, 1960, during which time they were in possession of the appellant. We do not understand from appellee's pleadings that it is claimed that this property was converted by appellant. There is no evidence that appellant exercised "dominion, ownership or control" over this property, and in fact the conclusion can be reached from appellant's testimony that at the time the first demand for possession was served upon him in April, 1959 he informed appellee's attorney "that whatever else was down there (on the farm) that he wanted, that if they would send after it, they could have it." If, therefore, any liability for the decrease in value of the returned items lies upon appellant, it must be so under the allegations in the third count of appellee's petition that appellant had unlawfully, willfully and maliciously used and abused such returned items of property. As opposed to this conclusion, appellee himself testified to having left many items of this property out in the open on the farm at the time he vacated the premises, and other items under a sort of lean-to shed built on the side of the barn and partially exposed to the elements, and that all of the equipment which he received back would have depreciated even if it re-

mained untouched where he had left it on the farm. He further testified that he did not know of his own knowledge that any of the equipment left on the farm had been actually used by anyone and never saw any of it in actual operation. A former foreman of appellant's testified to having used two tractors and a few of the other items of equipment that had been left on the farm, acting on instructions from the appellant, but we are unable to find in this record any evidence of willful or malicious abuse of appellee's property by appellant, or under his direction. Therefore we are unable to find any support in the evidence for liability on the part of the appellant for the depreciated value of the items he returned to appellee, as found by the jury in answer to Special Issues Nos. Three and Four, and certainly no basis for the jury's finding in Special Issue No. Seven that appellant unlawfully, willfully, wrongfully and maliciously used and damaged any property belonging to appellee with the intent and purpose of damaging and injuring the latter. Even had appellant withheld the items which he in fact returned, the withholding alone would not have sufficed for such a finding.

"The mental factor expressed in the terms used in the petition and the court's charge, such as malice, willfulness, wantonness, intent to injure, alleged to characterize appellant's act in withholding said property, must be sustained by some act or acts of appellant, other than the mere fact of withholding or preventing the removal of the property from the building. Such withholding of the property, however, may be considered in connection with any act, fact, or circumstance in determining the issue of malicious intent, or wanton disregard for the rights of appellee, as is deemed equivalent to such intent." Loftus v. Ray, 46 S.W. 2d 1034 (Civ.App., El Paso, 1932, wr. dism.).

Appellant's second point of error, complaining of the action of the trial court in rendering judgment in favor of appellee in the amount of $2195.00 based upon the difference in market value of the returned equipment as found by the jury in answer to Special Issues Nos. Three and Four, is sustained for the reasons above set out.

■ There being no showing of malice or of willful acts done with intent to injure or damage appellee, there can be no basis for the granting of exemplary damages as found by the jury in the amount of $600.00 in answer to Special Issue No. Eight. 17 Tex.Jur.2d 339, ¶277; Lusk v. Onstott, 178 S.W.2d 549 (Civ.App. Amarillo, 1944; no wr. hist.). Special Issues Nos. Seven and Eight might well not have been submitted to the jury. The answers to these issues appear to us to be wrong under all the facts and circumstances of this case, and in our opinion the $600.00 awarded to appellee as exemplary damages should not have been included in the judgment.

■ Special Issue No. Five inquired of the jury whether any or all of certain listed property was left on the farm by appellee when he vacated the premises on April 8, 1959. The jury answered "Yes" to this issue, and in Special Issue No. Six found the value of the property left by appellee to be $431.00. We fail to find anything in the record tending to show that appellant found or took or disposed of any of this property or converted any of it in the sense of exercising dominion, ownership or control over any part of it that was shown to be the property of the appellee. There was testimony in the record showing opportunity on the part of persons other than the appellant to have removed some of this listed property, but nothing to connect the appellant with any such possible taking. It should be observed also that appellee could have sent a representative in April, 1959 to claim and remove his property, just as he did a year later in April of 1960. In electing not to do so, it is our view that appellee ran the risk of some or all of the property being dissipated, lost or stolen. In the absence of any showing of

wrong-doing on the part of appellant, and lacking any evidence of probative force that appellant had converted that portion of the property purportedly left by appellant and not found (whatever the jury may have determined it to be), we conclude that no liability rests upon appellant in this respect. Appellant's third point of error, which attacks the action of the court in rendering judgment for appellee in the amount of $431.00, is sustained.

Appellant's sole remaining point of error, No. Four, asserts that the court erred in rendering judgment for appellee in any sum. We overrule this point of error. We have concluded, supra, that some of appellee's property, valued at $216.00, was converted by appellant. To that extent the judgment must be affirmed, but under the facts and circumstances of this case as we have found them to be, the three other items of damages embodied in the judgment, in the amounts of $2195.00, $600.00 and $431.00, respectively, must be disallowed. The judgment of the trial court is modified to eliminate these last three items, and, as so modified, is affirmed.

Judgment for appellee modified, and is affirmed as modified.