**CONTRACT SALES CO., Appellant,**

v.

**Gary L. SKAGGS and Forrest W. Skaggs, Appellees.**

**No. 20494.**

Court of Civil Appeals of Texas, Dallas.

Feb. 3, 1981.

W. Gene Box, Martin, Withers, Box, Loving & Webster, Dallas, for appellant.

Cynthia H. Morriss, Carrington, Coleman, Sloman & Blumenthal, Dallas, for appellees.

Before CARVER, STOREY and STEPHENS, JJ.

STOREY, Justice.

This appeal is from a judgment denying foreclosure of constitutional and statutory mechanic's and materialmen's liens against subsequent purchasers of real property. We conclude that the evidence establishes the existence of a valid constitutional lien on the property, and therefore reverse.

Contract Sales Co., appellant, contracted with Ron Monesson to furnish and install floor coverings at a house then under construction. The record shows that Monesson was the owner of the house and lot, as well as the contractor, at the time the contract was entered into. When Contract Sales commenced performance, a valid constitutional mechanic's lien was established. *See Hayek v. Western Steel Co.*, 478 S.W.2d 786, 790 (Tex.1972). At about the time the floor coverings were installed, Monesson sold the house to appellees, Gary and Forrest Skaggs. Monesson refused to pay the amount due for the labor and materials furnished, and Contract Sales brought this suit against Monesson for its debt, and against appellees for foreclosure of its statutory and constitutional mechanic's liens. Appellees did not plead that they were bona fide purchasers of the property. Trial before the court resulted in a default judgment against Monesson for $1,744.75, and in favor of appellees, denying foreclosure of the liens. Contract Sales appeals from that portion of the judgment in favor of appellees.

A constitutional mechanic's lien is self-executing as between the contractor and the owner and is enforceable against the owner whether or not there be notice to the owner or compliance with any statutory requisite. Tex.Const. Art. XVI, § 37; *First National Bank in Dallas v. Whirlpool Corp.*, 517 S.W.2d 262, 267 (Tex.1974). Constitutional liens will not be enforced, however, against a purchaser who has neither actual nor constructive notice of the constitutional lien. *Irving Lumber Co. v. Alltex Mortgage Co.*, 446 S.W.2d 64 (Tex.Civ.App.—Dallas 1969), aff'd, 468 S.W.2d 341 (Tex. 1971); *Continental Radio Co. v. Continental Bank & Trust Co.*, 369 S.W.2d 359 (Tex.Civ. App.—Houston 1963, writ ref'd n. r. e.); *Black, Sivalls & Bryson, Inc. v. Operators' Oil & Gas Co.*, 37 S.W.2d 313 (Tex.Civ.App. —Eastland 1931, writ dism'd). Bona fide purchaser status in the context of a constitutional mechanic's lien is, however, an affirmative defense which must be supported by pleadings and evidence. *Valley Ready-Mix Concrete Co. v. Valley State Bank*, 227 S.W.2d 231 (Tex.Civ.App.—San Antonio 1950, no writ); *see also Kurz v. Soliz*, 231 S.W. 424 (Tex.Civ.App.—San Antonio 1921, no writ). In this case, appellees have neither pleaded nor proved that they were bona fide purchasers. The evidence precludes the possibility that appellees took without notice, because it is established that they had personal knowledge of the improvements being made on the property by Contract Sales at or shortly before the time they took possession. *See Inman v. Clark*, 485 S.W.2d 372 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ).

There can be no question that, at its inception, the constitutional lien was valid as between Contract Sales and Monesson. There is no dispute that Contract Sales agreed with Monesson to make improvements on the subject property, that the improvements were actually made, and that the stated sum is owed. Further, the rec-

ord shows that Monesson was the owner of the property at the time the contract for improvements was made. This is all that need be done to establish a valid constitutional lien. *See Hayek v. Western Steel Co., supra.* Here, in the absence of pleadings and proof of the bona fide purchaser defense, appellees are in the same position as Monesson. Accordingly, the lien is valid as against the property, and it was error to deny foreclosure. In view of this holding, we need not address appellant's contentions as to the validity of the statutory lien. We reverse and remand to the trial court for entry of judgment of foreclosure against the land and improvements.