**John B. CLIFTON, Appellant,**

v.

**James M. JONES, Appellee.**

No. 7153.

Court of Appeals of Texas,
El Paso.

May 12, 1982.

Guevara, Reve & Baumann, Colbert N. Coldwell, El Paso, for appellant.

Scott, Hulse, Marshall, Feuille, Finger & Thurmond, Charles R. Jones, Bryan H. Hall, El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

This is an appeal from a bench tried case for conversion of an airplane with a cross-action for recovery of damages for repairs to the aircraft. The court awarded James Jones, owner of the Cessna Skymaster, $14,744.41 in damages and gave John Clifton, who repaired and then converted the airplane, $7,500.00 as a set-off for the repairs made. We affirm in part and reverse and render in part.

In August, 1980, James Jones, a resident of Phoenix, Arizona, contacted John Clifton of El Paso, Texas, concerning a major overhaul of the engines on his Cessna airplane. On September 2, 1980, Mr. Clifton wrote a letter to Mr. Jones in which he agreed to remove, overhaul and install the engines and props for the price of $15,000.00. The letter said any crankcase repairs would be extra. The parties agreed that Mr. Clifton would pick up the plane in Phoenix, and Mr. Jones would come to El Paso and get the plane after the repairs were completed on October 1, 1980. Mr. Jones paid $2,500.00 in cash in advance and delivered a check on a Phoenix bank for $10,000.00 made payable to both Jones and Clifton.

Soon after the work began, it was discovered that one crankcase needed repair and later that the other crankcase needed repairs. This delayed completion of the work. After several telephone calls, Mr. Jones finally came to El Paso to check on the work on his airplane on October 14. The work was not finished and he returned home three days later, just before the repairs were finished. Mr. Clifton then agreed that he would fly the plane to Phoenix on October 19, and he said he was to be paid upon delivery of the plane. When he arrived in Phoenix, Mr. Jones raised questions about the performance of the work and had a mechanic check the plane. It was noted that an ignition harness was loose and a couple of crankcase bolts were loose. The mechanic said they should get a further evaluation as to possible damage from flying the plane with the loose bolts. That evening, the plane was tied down and an FAA inspector was called. Mr. Clifton never delivered the key to the plane to Mr. Jones. The next day, Mr. Clifton became very concerned about collecting the balance due him, and after talking to his attorney, he flew the plane back to El Paso, and has retained possession under his claim of a possessory lien for services rendered. Mr. Jones made a trip to El Paso in late October but was unable to locate the plane, and then filed this suit for conversion.

The trial court awarded Mr. Jones $8,462.50 in damages for loss of use of his airplane from October 20, 1980, to the time of trial, $5,000.00 in exemplary damages for malicious conduct, $300.00 for expenses in trips to El Paso, and $981.91 for an inspection fee by a mechanic prior to trial. The

court allowed Mr. Clifton $10,000.00 for his repair work and after crediting the $2,500.00 downpayment, this resulted in a set-off of $7,500.00.

The first three points of error attack the trial court's determination that there was a conversion in that Appellant did not have a possessory lien with a right to retain possession of the airplane.

Article 16, Section 37, of the Texas Constitution gives mechanics, artisans and materialmen a lien upon articles repaired by them for the value of their labor done or material furnished. This provision is self-executing, and the lien exists independently and apart from any legislative act. *Hayek v. Western Steel Company*, 478 S.W.2d 786 (Tex.1972); *Strang v. Pray*, 89 Tex. 525, 35 S.W. 1054 (1896). The lien does not depend upon possession for its existence. *Byrne v. Williams*, 45 S.W.2d 336 (Tex.Civ.App.—Amarillo 1931, writ ref'd.). *See*: Newton, Lien's Labour Lost, 39 Texas Bar Journal 213 (1976). The legislature has also created a possessory lien in Article 5503, Tex.Rev.Civ.Stat., for carpenter, mechanic, artisan and other workmen where any article, implement, utensil or vehicle shall be repaired with labor and material.

The Appellant contends that he never delivered possession of the airplane to Mr. Jones. He says since he kept the keys, he retained possession. Of course, he flew the plane to Phoenix with the intention of delivering it to its owner. That night, the plane was left at Mr. Jone's tie-down position at the airport. Mr. Jones put a chain and lock on the rear engine. Even though the key was never delivered to Mr. Jones, the court could find that possession of the plane was delivered to Mr. Jones when the plane was flown to Phoenix and arrived at his tie-down on October 19, 1981. Once possession was delivered to the owner, the repairman had no right to repossess the chattel and again take possession. *Paul v. Nance Buick Company*, 487 S.W.2d 426 (Tex.Civ.App.—El Paso 1972, no writ). And even though Clifton still had a constitutional lien, which could serve as a basis for a suit for recovery of payment for services rendered, that lien will not serve as a

defense to an action for conversion. *River Oaks Chrysler-Plymouth, Inc. v. Barfield*, 482 S.W.2d 925 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ dism'd). The provision of Article 5503(b) has no application in this case. Mr. Jones never endorsed the $10,000.00 check which named both Jones and Clifton as payees, and without his endorsement the check could not have been tendered for payment and the stop payment provision of the statute could have no application. There is no real issue as to stopping payment after possession of the aircraft was delivered. Points of Error Nos. 1, 2 and 3 are overruled.

The next two points of error assert the trial court erred in awarding punitive damages. The general rule as set forth in 15 Tex.Jur.3d, Conversion, Section 43 (1981), states:

> Exemplary damages are not allowed for ordinary conversion of personalty, nor where the defendant takes the property in good faith, or as the result of an honest mistake. Such damages may be awarded, however, if the conversion is accomplished by fraud, malice, oppression, or gross negligence.

The trial court found that Mr. Jones made repeated demands for the return of his plane and that Mr. Clifton continued to hold and maintain possession of the plane. The court also found that the retaking was a wrongful conversion, and that the acts of Mr. Clifton were done maliciously. In order to show malice, there must be some act or acts of Appellant other than the mere fact of withholding of property. *Allison v. Singh*, 366 S.W.2d 822 (Tex.Civ.App.—El Paso 1963, writ ref'd n. r. e.). An act will not be deemed malicious, and warranting punitive damages, merely because it is unlawful or wrongful. *Ware v. Paxton*, 359 S.W.2d 897 (Tex.1962). Where one seeks and follows the advice of an attorney that he has a right to possession, there is evidence that he has acted in good faith. *Gardner v. Jones*, 570 S.W.2d 198 (Tex.Civ. App.—Houston [1st Dist.] 1978, no writ).

In this case, Mr. Clifton was not obligated but did agree to deliver the plane in Phoe-

nix since the repairs took longer than originally anticipated. He went on the assurance that he would be paid upon the delivery of the plane. He was not paid. He called his attorney who advised him to return the plane to El Paso. He had retained the key and believed he was still in possession of the plane, and the following day flew back to El Paso. His attorney advised Mr. Jones the next day that he could have the plane upon paying the balance due for the work performed. Mr. Jones refused.

We conclude that Appellant only withheld possession pending payment of his charges, and that he acted in good faith upon advice of counsel. The evidence failing to establish malicious conduct, there could be no award of exemplary damages. *Kroger Food Company v. Singletary*, 438 S.W.2d 621 (Tex.Civ.App.—Beaumont 1969, no writ). We sustain Point of Error No. 5. Point of Error No. 4 is moot.

The next point asserts error in the award of $8,462.50 for loss of use of the airplane. Mr. Jones itemized trips in which he would have used his plane during the period of conversion, and placed a reasonable value of $50.00 per hour on such use. We recognize the proposed use was greatly in excess of his actual use in months preceding the conversion; nevertheless, there is evidence to support the court's findings. We have considered the evidence under the standard set forth in *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). Point of Error No. 6 is overruled.

The Appellant next contends the trial court erred in awarding Appellee $300.00 for travel expense to El Paso and $981.91 for an inspection of the plane after the conversion. Of the amount allowed for travel, $100.00 was for the trip on October 14 before any conversion occurred and that amount should have been denied. The expense for the trip after the conversion was properly allowed. *Groves v. Hanks*, 546 S.W.2d 638 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd. n. r. e.). The inspection after suit was filed was ordered by the court so Appellant's witness could testify as to the condition of the airplane. This was an expense in preparation for trial and not for damages arising from the conversion. It should not have been allowed. *Donnelly v. Young*, 471 S.W.2d 888 (Tex.Civ.App.—Fort Worth 1971, writ ref'd n. r. e.). Point of Error No. 8 is sustained in part and overruled in part.

The last point of error contends the trial court erred in awarding Appellant $10,000.00 for repairs rather than the contract price of $15,000.00. The court found the repairs were defective and the plane was in a dangerous condition. Mr. Miller, the mechanic who inspected the plane prior to trial, said it would take from $1,500.00 to $2,000.00 to correct deficiencies in the overhaul work. He said there would be $1,000.00 in added expense to do the work after the repairs were originally completed. The total bill, including the extras for the crankcase and other items, was $16,500.14. Of this amount $2,500.00 was paid in advance, leaving a balance of $14,000.14. If that balance is reduced by the $3,000.00 described by Mr. Miller as extra required work, the balance due would be $11,000.14. We sustain Point of Error No. 7.

We conclude that Appellee is entitled to recover $8,462.50 for his damages resulting from the conversion, plus $200.00 for travel expense. The Appellant is entitled to recover $11,000.14 as the balance due for services rendered. Accordingly, under Rule 434, Tex.R.Civ.P., we render the judgment the trial court should have rendered and judgment shall be entered providing that Appellant recover from Appellee the sum of $2,537.64, with delivery of the plane to be completed as originally ordered by the trial court.

The judgment of the trial court is in part affirmed and in part reversed and rendered.