Jay THOMPSON, Appellant,

v.

APOLLO PAINT & BODY SHOP, Appellee.

No. B14–87–00953–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 3, 1989.

Rehearing Denied April 6, 1989.

Richard S. Browne, Carol A. Browne, Houston, for appellant.

Thomas Lee Bartlett, Houston, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

OPINION

MURPHY, Justice.

This is an appeal from a judgment in favor of the holder of a mechanic's lien awarding him title to and possession of a Corvette automobile which requires us to determine the meaning of "possession" as that term is used in Chapter 70, Subchapter A, of the TEXAS PROPERTY CODE entitled "Possessory Liens."

In September of 1983 Apollo Paint & Body Shop ("Apollo") repaired a Corvette

automobile which was owned by Leonard Boedecker. On September 28, 1983, Boedecker paid Apollo $2,387.00 by check for the repairs and Apollo released the car to him. Soon thereafter Boedecker stopped payment on the check and the sum owed to Apollo has never been paid.

Appellant Thompson first met Boedecker in December of 1983 through a mutual friend who knew that Thompson was looking for a Corvette to buy and that Boedecker had one. Boedecker, who was in possession of the car, showed it to Thompson who liked it and made arrangements to buy it. He inquired whether Boedecker owed any money on the Corvette and was told that First State Bank of Yoakum held a lien. The bank's lien was also reflected on the original certificate of title. Thompson called the bank for the pay-off figures and arranged for them to do the paper work to transfer title. The sale was completed on December 22, 1983.

Unbeknownst to Thompson, however, and without first obtaining possession of the car, Apollo had held a foreclosure sale on November 12, 1983, at which time it claims to have purchased the Corvette. After completing the required paperwork, including an affidavit that stated it had had possession of the car for 30 days ·after giving statutory notice to the owner and the bank, Apollo then obtained a transfer registration receipt on November 30 and a new certificate of title to the car on December 15. On January 31, 1985, Apollo made demand on Thompson to relinquish possession of the car. Thompson filed suit for declaratory judgment.

After a bench trial, the court awarded Apollo title to and possession of the car, damages for its reasonable rental value and attorney's fees. Thompson appeals. We reverse and render in his favor.

In eight points of error Thompson challenges the court's judgment alleging (1) that the finding that Thompson was not a bona fide purchaser was in error, (2) that certain other findings made by the court were unsupported by the evidence and (3) that those findings and others were based on an erroneous underlying legal conclu-

sion that actual possession of a vehicle is not required for a mechanic to properly foreclose a mechanic's lien. We first address the question of the meaning of the term "possession" in the statutory context which is fundamental to a resolution of appellant's complaints.

■ Controlling law in this situation is VERNON'S ANN.CIV.ST. art. 5503 and art. 5504a, repealed, now V.T.C.A., PROPERTY CODE, Section 70.001 et seq. The relevant Code sections provide as follows:

**CHAPTER 70 MISCELLANEOUS LIENS**
**SUBCHAPTER A. POSSESSORY LIENS**
**§ 70.001. Worker's Lien**

(a) A worker in this state who by labor repairs an article, including a vehicle, motorboat, vessel, or outboard motor, *may retain possession* of the article until:

(1) the amount due under the contract for the repairs is paid; or

(2) if no amount is specified by contract, the reasonable and usual compensation is paid.

(b) If a worker relinquishes *possession* of a motor vehicle, motorboat, vessel, or outboard motor in return for a written order for payment on which payment is stopped, has been dishonored because of insufficient funds, no funds or because the drawer or maker of the order has no account or the account upon which it was drawn has been closed, the lien provided by this section continues to exist and the worker *is entitled to possession* of the vehicle, motorboat, vessel, or outboard motor until the amount due is paid, *unless the vehicle*, motorboat, vessel, or outboard motor *is possessed* by a person who became a bona fide purchaser of the vehicle after the stop payment order was made. A person entitled to possession of property under this subsection is *entitled to take possession* thereof in accordance with the provisions of Section 9.503, BUSINESS & COMMERCE CODE.

**§ 70.004. Possession of Motor Vehicle, Motorboat, Vessel, or Outboard Motor**

(a) A holder of a lien under Section 70.003 on a motor vehicle, motorboat,

vessel, or outboard motor *who obtains possession* of the vehicle, motorboat, vessel, or outboard motor under a state law or city ordinance shall give notice to the last known registered owner and each lienholder of record not later than the 10th day after the day *possession* is obtained.

(b) The notice must be sent by certified mail with return receipt requested and must contain:

(1) a request to remove the vehicle, motorboat, vessel, or outboard motor;

(2) a request for payment;

(3) the *location* of the vehicle, motorboat, vessel, or outboard motor; and

(4) the amount of accrued charges.

(c) A person is entitled to fees for towing, preservation, and notification and to reasonable storage fees for up to 10 days before the day that the notice is mailed. After the day that the notice is mailed, the person is entitled to reasonable storage fees until the vehicle, motorboat, vessel, or outboard motor is removed and accrued charges are paid.

(d) A person charging fees under Subsection (c) commits an offense if the person charges a storage fee for a period of time not authorized by that subsection. An offense under this subsection is punishable by a fine of not less than $200 nor more than $1,000.

## § 70.006. Sale of Motor Vehicle, Motorboat, Vessel, or Outboard Motor

(a) A holder of a lien under this subchapter on a motor vehicle subject to the Certificate of Title Act, as amended, (Article 6687–1, Vernon's Texas Civil Statutes) ... *who retains possession of* the vehicle, motorboat, vessel, or outboard motor for 30 days after the day that the charges accrue shall give written notice to the owner and each holder of a lien recorded on the certificate of title. The notice must include the amount of the charges and a request for payment.

(b) If the charges are not paid before the 31st day after the day that the notice is mailed, the lienholder may sell the vehicle, motorboat, vessel, or outboard motor at a public sale and apply the proceeds to the charges. The lienholder shall pay excess proceeds to the person entitled to them.

## § 70.008. Attorney's Fees

The court in a suit concerning possession of a motor vehicle, motorboat, vessel, or outboard motor and a debt due on it may award reasonable attorney's fees to the prevailing party.

It is clear to us from a reading of the relevant statutes and especially considering the subchapter heading and highlighted portions thereof that the law contemplates that the mechanic who forecloses on his lien will have actual possession of the property at foreclosure. Otherwise situations such as that which resulted here would be commonplace. In additional support for this conclusion, we note that § 70.001(b) was amended in 1985 to add the second sentence referring the lien holder to Section 9.503 of the BUSINESS AND COMMERCE CODE which provides for the right of a secured party to take possession through self-help procedures. If possession were not necessary to perfect the lien, there would be no purpose in the addition of this sentence to the statute.

Furthermore, holding a foreclosure sale of a chattel prior to the time it is repossessed is not a commercially reasonable practice. In reviewing a foreclosure sale under a chattel mortgage, the First Court of Appeals held that in the absence of a provision to the contrary in the mortgage, it is necessary that a mortgagee take possession of the chattel prior to the time that he conducts a foreclosure sale under a power of sale given by a mortgage. *Mowery v. McNamara*, 424 S.W.2d 252, 254 (Tex.Civ. App.—Houston [1st Dist.] 1968, no writ). There is no reason to believe that the rule would differ for a party foreclosing under a worker's lien.

In fact, by completing the affidavit required as part of the paperwork for foreclosure of their lien, Apollo falsely affirmed that it had maintained continued possession of the car for 30 days after the day on which it notified the owner that the

charges were due. Those forms also state under the title "Foreclosure Procedure" that possession of the vehicle must continue for 30 days after the charges accrue. Further, "if the charges are not paid within 30 days after the day on which notice of the amount of charges was mailed, the *possessory* lienholder may sell the vehicle at Public Sale." Finally, in its form notice to the lienholder bank, Apollo falsely stated that it had "the above described vehicle in custody" and notified the bank of its right to *reclaim* the car upon payment of the charges. Apollo insists, however, that it retained "constructive possession" of the vehicle under the provisions of § 70.001 and that constructive rather than actual possession was sufficient to preserve its lien rights. Nowhere in the forms required by the Texas Department of Highways and Transportation and utilized by Apollo does the foreclosure procedure allow for "constructive" possession.

Section 70.001 gives the lien holder the *right to possession* of the automobile. It does not confer possession upon him nor could it possibly do so. The statutory language of Section 70.001(b) also confirms the effect of a sale to a bona fide purchaser as an impediment to the continuation of the lien holder's lien. If he fails to exercise his right to repossess the car, the lien holder risks that a bona fide purchaser will intervene and, as happened here, the lien holder's rights under the statute will be cut off.

The concept of constructive possession is inappropriate in this context dealing with worker's liens. The statutory possessory lien granted under § 70.001 originated in common law to protect one who, by his skill, effort and materials, created value in the property of another. VERNON's ANN. TEX. CONST. art. 16 § 37. While the constitutional lien does not authorize a repairman to take possession of the article repaired and hold it until his charges are paid, the lien statutes do give the repairman the right to retain possession. *Garcia v. Rutledge*, 649 S.W.2d 307, 311 (Tex.App.— Amarillo 1982, no writ). Subsequent statutory amendments have provided for repossession. V.T.C.A., PROP.CODE § 70.001(b). Like the Constitutional lien in favor of arti-

sans and materialmen, the common law lien and its progeny are not evidenced by a writing but arise by implication of law. *Clifton v. Jones*, 634 S.W.2d 883, 886 (Tex. App.—El Paso 1982, no writ); *Contract Sales Co. v. Skaggs*, 612 S.W.2d 652, 653 (Tex.Civ.App.—Dallas 1981, no writ); *Continental Radio Company, Inc. v. Continental Bank and Trust Company*, 369 S.W.2d 359 (Tex.Civ.App.—Houston 1963, writ ref'd n.r.e.). Recording laws do not embrace liens that are not evidenced by a writing. See 50 TEX.JUR.3d *Liens* § 13 (1986) and VERNON's ANN.CIV.ST. art. 6601, repealed, now V.T.C.A., LOCAL GOVERNMENT CODE § 192.004. There is no recordation scheme upon which prospective purchasers could rely for disclosure of liens which are not evidenced by a writing, nor is such a system feasible. It is for this reason that possession of the vehicle is indispensable to the rights of the one claiming the lien. See 50 TEX.JUR.3d *Liens* § 15 (1986) and the cases cited therein. The trial court's findings of fact numbers 7, 8, 9, and 11 and its conclusions of law numbers 2, 3, 4, 5, 6, 8, and 9 are based on a faulty legal premise and are therefore erroneous.

Apollo insists that Thompson was under a duty to check with the Highway Department to determine the quality of the title offered by Boedecker before purchasing the car and should be charged with constructive notice of the mechanic's claim. Based upon his breach of this alleged duty, Thompson could not be a bona fide purchaser. However, in recognizing the limitations of the system of determining ownership of and claims against a motor vehicle, the Highway Department is not and has never claimed to be an insurer of the genuineness or superiority of legal title to a vehicle. *Keller v. Judd*, 671 S.W.2d 604, 606 (Tex.App.—San Antonio 1984, no writ).

■ The Texas Certificate of Title Act, TEX.REV.CIV.STAT.ANN., art. 6687–1, regulates transfer of title pursuant to the state's interest in curtailing trafficking in stolen vehicles and protecting a lienholder's properly perfected security interest. *Id.* § 1; *Drake Insurance Co. v. King*, 606 S.W.2d 812, 815 (Tex.1980). Sections 41

and 42 of the act make clear the procedure for perfection of a security interest in a vehicle if it is to be protected under the act, including notation of the lien on the original certificate of title. This procedure was not utilized by Apollo. Section 51 of the act requires for a valid sale that the seller have in his possession the proper certificate of title to the vehicle. However, while a certificate of title raises a presumption of ownership, it cannot be conclusive evidence of ownership.... A prudent buyer must look to the whole context of a sale, not merely to the certificate. *Keller v. Judd, supra,* at 606–607. The purchaser of an automobile under an original certificate of title *from one in possession of the vehicle* is entitled to rely on these indicia of ownership by the seller. *South Texas Bank v. Renteria,* 523 S.W.2d 780, 785 (Tex.Civ. App.—Corpus Christi 1975, no writ). (Emphasis added.) He is not, as Apollo would have us hold, under a duty to look further.

■ A bona fide purchaser is one who buys property in good faith for valuable consideration and without knowledge, actual or imputed, of outstanding claims in a third party or parties. *Houston Oil Company of Texas v. Hayden,* 104 Tex. 175, 135 S.W. 1149 (1911); *Socony Mobil Oil Corporation v. Belveal,* 430 S.W.2d 529, 535 (Tex.Civ.App.—El Paso 1968, writ ref'd n.r.e.). The absence of knowledge is critical to the preservation of the bona fide purchaser's shield, cutting off the rights or equities of third parties. *Carter v. Converse,* 550 S.W.2d 322, 329 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.).

■ Boedecker had possession of the Corvette. The original certificate of title showed the bank's lien which Boedecker had himself disclosed to Thompson. At consummation of the transaction, the signature of a bank officer, releasing the lien, also appeared on the face of the original title. In short, there was nothing about the transaction which would reasonably be expected to have put a purchaser on notice of any prior or outstanding claim to the car other than that which had been disclosed. Therefore there was no evidence supporting the court's finding of fact number 12(A), that Thompson had knowledge of Apollo's ·title or its conclusions of law based upon that finding that Thompson was not a bona fide purchaser, and the finding and conclusions were in error. Appellant's first two points of error are sustained.

Our holdings that actual possession of a vehicle is a prerequisite to foreclosure of a statutory worker's lien and that Thompson was a bona fide purchaser for value of the Corvette resolve the remaining issues in this appeal. Under the clear and unambiguous language of Section 70.001 of the TEXAS PROPERTY CODE, Thompson should prevail. We therefore reverse the judgment of the trial court and render judgment that appellant Jay Thompson is awarded title to and possession of the 1974 Chevrolet Corvette and attorney's fees in the amount of $1,875.00. The trial court's award to Apollo of the reasonable rental value of the Corvette is also reversed and it is ordered that Apollo take nothing.