**Juan VALDEZ, d/b/a JV Construction Company, Appellant,**

v.

**DIAMOND SHAMROCK REFINING AND MARKETING COMPANY and Diamond Shamrock Stations, Inc., Appellees.**

**No. 2–90–263–CV.**

Court of Appeals of Texas, Fort Worth.

Dec. 10, 1991.

Rehearing Overruled Jan. 14, 1992.

Hopkins & Sutter, Bill Kuhn, Dallas, for appellant.

Law, Shakard & Gambill, Larry Bracken, Fort Worth, for appellee.

Before JOE SPURLOCK, II, FARRIS and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

This is an appeal which stems from a judgment in a bench trial submitted by agreement upon documents and affidavits. The trial court found that Juan Valdez, appellant, did not have a valid lien on the tract of land owned by the appellee, Diamond Shamrock.

Essentially, Valdez asserts in his fifteen points of error that the trial court failed to properly apply the "relation-back" doctrine in this case.

We affirm.

### Statement of Facts

In the fall of 1985, Opus I, Ltd. ("Opus") purchased 7.9 acres of land in Lewisville, Texas. Several months later, Ambassador Development Corporation ("Ambassador"), as general contractor, entered into a subcontract agreement with Valdez for the construction of improvements on 7.1 acres of the property. At the time that Valdez signed the contract and began construction, the 0.8 acre portion which was eventually divided off and sold to Diamond Shamrock was still a part of the whole 7.9 acres and was legally described as one undivided tract. In June of 1986, Opus filed a replat of the land showing two tracts, one of 7.1 acres and another of 0.8 acres. On July, 31, 1986, Opus sold the 0.8 acre tract to Diamond Shamrock which recorded the deed on August 7th. Valdez did no work on the Diamond Shamrock property and at the time of the conveyance from Opus to Diamond Shamrock, the 0.8 acre tract was vacant and unimproved. Approximately five weeks later, Valdez filed a mechanic's lien affidavit. Valdez provided all required lien notices to Opus and Ambassador. In December of 1986, Valdez filed suit against Opus and Ambassador. Valdez received a lien on the entire 7.9 acres in addition to other damages. Valdez attempted to cause a Sheriff's sale of the 0.8 acre tract owned by Diamond Shamrock. Diamond Shamrock filed suit and received a temporary restraining order and temporary injunction to preclude sale of the 0.8 acres. After a bench trial upon documents and affidavits, the trial court rendered judgment in favor of Diamond Shamrock. From this judgment, Valdez now appeals.

### Appellant's Points of Error

The primary question of this case is whether the "relation-back" doctrine entitles Valdez to obtain a lien on the entire 7.9 acre tract of property which was owned by Opus in February of 1986. Valdez asserts that his lien claim attaches as of the date he signed his subcontract and commenced work. He maintains that subdivisions of the tract and conveyances of part or all thereof subsequent to his date of commencement are irrelevant under the "relation-back" doctrine and do not affect his lien rights or notice obligations. Valdez's first thirteen points of error revolve around this single issue and therefore will be addressed jointly.

■ The "relation-back" doctrine is used to determine the priority of liens which have been filed. *Argonaut Ins. Co. v. ABC Steel Products*, 582 S.W.2d 883, 887 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.). As a general rule, a properly

perfected mechanic's lien "relates back" to a time referred to as the inception of the lien for the purpose of determining lien priorities. *Diversified Mortg. v. Lloyd D. Blaylock, etc.*, 576 S.W.2d 794, 800 (Tex. 1978) (opinion on reh'g). In order for the "relation-back" doctrine to even apply, a properly perfected mechanic's lien must first exist. *Id.*

In order to properly perfect a mechanic's lien, notice must be given to the property owner. *See* TEX.PROP.CODE ANN. § 53.056 (Vernon 1984 & Supp.1991). In the present case, it is undisputed that Valdez did not provide Diamond Shamrock with the required statutory notice. *Id.* While not disputing the fact that no actual notice was given Diamond Shamrock regarding the potential lien, Valdez cites several cases which he asserts stand for the proposition that actual notice need not be provided to the subsequent purchaser. *See Inman v. Clark*, 485 S.W.2d 372 (Tex.Civ.App.— Houston [1st Dist.] 1972, no writ) (the mechanic's lien affidavits were sent to the builder rather than the purchasers of a town house yet the court held that the newly constructed improvements on the property constituted constructive notice of the builder's right to file lien affidavits); *Contract Sales Co. v. Skaggs*, 612 S.W.2d 652 (Tex.Civ.App.—Dallas 1981, no writ) (subcontractor began work on a dwelling prior to purchase by the Skaggs and the evidence precluded the possibility that the Skaggs took without notice); *Wood v. Barnes*, 420 S.W.2d 425 (Tex.Civ.App.— Dallas 1967, writ ref'd n.r.e.) (purchaser bought before expiration of the window for filing a mechanic's lien; the court held that the purchaser was on constructive notice of the subcontractor's existing right to file lien affidavits).

None of the cases cited by Valdez replicate our facts. In the present case, the portion of land that was purchased by Diamond Shamrock was vacant and unimproved. Valdez delivered no materials to the 0.8 acre portion which was subsequently divided nor did Valdez construct any improvements on that tract. All of the appellant's work was confined to the 7.1 acre portion which was retained by Opus.

Diamond Shamrock purchased the property in good faith, for valuable consideration of $443,087.00, and without notice of any claim to the property. The trial court found that the appellee was a good faith purchaser for value without notice. Diamond Shamrock had neither actual nor constructive notice of Valdez's purported right to assert a mechanic's lien. Anyone inspecting the property at the time of the purchase by Diamond Shamrock would not have had notice, either actual or constructive, that the appellant would attempt to subject the property to a mechanic's lien. None of the work done on the 7.1 acre tract affected, conferred benefit on, or provided notice to a purchaser of the 0.8 acre tract.

 In each of the cases listed above and cited by Valdez as authority for reversal of the trial court's judgment in this case, the subsequent purchasers of the property in question had constructive notice of the builders' liens on their respective property. Such are not the facts of the present case. We find that Diamond Shamrock was not provided with actual or constructive notice of Valdez's potential mechanic's lien. Since Diamond Shamrock was not provided notice, no lien on the 0.8 acre tract was perfected and the "relation-back" doctrine is not applicable. Diamond Shamrock was a good faith purchaser for value that took without notice of the appellant's purported lien claim and hence the property is taken free and clear of any such claim. Points of error one through thirteen are overruled.

In his fourteenth and fifteenth points of error, Valdez claims that the trial court erred in holding that his lien was not enforceable against Diamond Shamrock's tract and that the trial court also erred in granting temporary and permanent injunctive relief which denied his right to foreclose his mechanic's lien against the 0.8 acre tract. However, the appellant's presentation, consisting only of a general argument without citation of any authority to maintain the points, is not in minimal compliance with the briefing rules and, therefore, points fourteen and fifteen can be considered waived. TEX.R.APP.P. 74(f); *see*

*also Smith v. U.S. Nat'l Bank,* 767 S.W.2d 820, 823–24 (Tex.App.—Texarkana 1989, writ denied); *Benham v. Benham,* 726 S.W.2d 618, 621 (Tex.App.—Amarillo 1987, writ ref'd n.r.e.).

The judgment of the trial court is affirmed.