NO. 07-07-0267-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



AUGUST 14, 2007


______________________________



MARTHA R. MARTINEZ,


 

 Appellant


V.



DANNY HERMOSILLO,



 Appellee

 _________________________________



FROM THE 285th DISTRICT COURT OF BEXAR COUNTY;



NO. 2006-CI-10123 and 2006-CI-14173; HON. JANET P. LITTLEJOHN, PRESIDING


_______________________________



MEMORANDUM OPINION


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Martha R. Martinez perfected this appeal on June 8, 2007. The appellate record
was due on or about July 12, 2007. Both the district clerk and court reporter have filed
motions to extend the time to file their records because appellant apparently failed to pay
or make arrangements to pay for them, as required by Texas Rules of Appellate Procedure
35.3(a)(1)(2) and 35.3(b)(3). By letter dated July 31, 2007, we directed counsel for
appellant to certify to this court, by August 10, 2007, that he had complied with rule of
procedure 35.3(a)(1)(2). So too was he informed that failure to meet that deadline would
result in the dismissal of his appeal. To date, this court has not received either the clerk's
record, the reporter's record, or notification that the records have been paid for or that
arrangements have been made for payment. Nor has this court received any request to
postpone the dismissal date. Furthermore, on August 2, 2007, the court reporter informed
us that she had yet to even receive a request to prepare the record. 

 Consequently, we dismiss the appeal for want of prosecution. 


 Per Curiam



the GMC truck. At trial, he averred that he did
so because he was instructed to do so by an employee of Cantu as a way to get the trucks
released to him. However, after being requested to do so, Cantu had refused. Cantu
testified that his agreement with Martin was that he would pay storage charges on the
trucks, "nobody else." Cantu also admitted that on at least one occasion, Martin had
attempted to pick the trucks up, but Cantu refused to let him have possession of them
because Martin would not pay the storage charges. Sometime around March 2001, Cantu
foreclosed on his storage lien and sold the trucks. It was undisputed that Cantu did not
notify Martin of the sales, nor did he pay Martin any of the sale proceeds.

 In December 2001, Martin brought the underlying suit alleging breach of contract
and conversion. After a bench trial, the trial court rendered the judgment giving rise to this
appeal. In the judgment, Martin was awarded $5,459.21 in actual damages, $251
prejudgment interest and $750 in attorney's fees. Responding to Cantu's request, the trial
court entered findings of fact and conclusions of law. In its findings of fact, the trial court
recited the factual resume we have given above. In addition, the trial court found that
Cantu knew Martin "wanted his money and if the [owner] did not pay, [Martin's] plan was
to obtain a mechanic's lien on the two vehicles." The court also found that Martin had not
been paid and that Cantu sold the trucks without notice to Martin. In a conclusion of law,
the trial court found that Cantu "converted property that he knew [Martin] claimed a
property right to by selling the property without notice . . . and in violation of [Martin's] filed
storage-mechanic's lien."

 In support of his proposition that the trial court erred in holding that Martin had a
valid mechanic's lien entitling him to notice of foreclosure of his storage lien, Cantu relies
heavily on Thompson v. Apollo Paint & Body Shop, 768 S.W.2d 373 (Tex.App.--Houston
[14th Dist.] 1989, writ denied). In doing so, he reasons that the Thompson court held that
in order to be entitled to a mechanic's lien, the mechanic must have actual, not
constructive, possession of the vehicles in question. He also argues that even if
constructive possession was sufficient, there was no constructive possession here
because there was no contract between Cantu and Martin that would give a basis for
Martin to claim constructive possession.

 The facts before Thompson are distinguishable from those present here. In that
case, Apollo Paint & Body Shop had repaired a Chevrolet Corvette belonging to Leonard
Boedecker, id. at 373-74. Apollo released the car when Boedecker gave it a check. 
Subsequently, Boedecker stopped payment on the check, then sold the Corvette to Jay
Thompson. Id. at 374. Without possession of the car, Apollo held a foreclosure sale, at
which time it claimed to have purchased the Corvette. Apollo then made demand on
Thompson for possession of the car, which caused Thompson to file suit asking for a
declaratory judgment. Apollo asserted that it was entitled to the Corvette, and recovered
judgment in the trial court. En route to reversing the trial court and finding title in
Thompson, the appellate court considered and discussed section 70.001 of the Property
Code. It noted that although the section provided that a mechanic is entitled to possession
of a vehicle if it was released in return for payment by a check later dishonored, that right
of possession and foreclosure of lien was not valid as against a bona fide purchaser. As
relevant here, Apollo had argued that its foreclosure was effective, even though it did not
have possession of the vehicle, because it had constructive possession of the vehicle. The
appellate court rejected that contention. Id. at 375.

 In this case, however, the evidence is sufficient to sustain the trial court's conclusion
that Martin did not release the vehicles because of a conditional payment, but gave
possession of them to Cantu as his bailee for the purpose of storing the trucks. As bailee
for Martin, Cantu was his agent for the limited purpose of storing the vehicles. Indeed, at
trial, Cantu testified unequivocally that he was hired to move and store the vehicles. The
trial court could properly have found that Martin still had "possession" of the vehicles within
the purview of section 70.001 of the Property Code.

 Moreover, even assuming arguendo that Martin did not have possession for
purposes of the Property Code, we note that in addition to the statutory lien and
enforcement methods set out in chapter 70 of the Property Code, section 37 of the Texas
Constitution grants mechanics a lien to secure payment for their work. That section is self-executing and does not require possession by the lienholder. Clifton v. Jones, 634 S.W.2d
883, 886 (Tex.App.--El Paso 1982, no writ).

 The record is also amply sufficient to support the conclusion that Cantu had actual
notice of Martin's lien. When asked why he took possession of the trucks, Cantu testified
that Martin "had done some work [and] was afraid that the people wouldn't come pay him
and they would . . . take the vehicle without paying his bill." Suffice it to say, under the
evidence, the trial court was justified in its conclusion that Cantu converted the vehicles
and was liable to Martin for doing so.

 Accordingly, Cantu's issue is overruled and the judgment of the trial court is
affirmed. 


 John T. Boyd

Do not publish. Senior Justice

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).