**T. F. MOWERY, Appellant,**

v.

**Jack McNAMARA et al., Appellees.**

**No. 15210.**

Court of Civil Appeals of Texas.

Houston   (1st   Dist.).

Feb. 1, 1968.

M. S. Morgan, Houston, for appellant.

Solito & Murr, Edward G. Murr, Houston, for appellees.

COLEMAN, Justice.

This is a suit to recover certain personal property which the appellant claimed was taken from his possession by trick or ruse and which the appellees refused to return

to him on demand. The trial court withdrew the case from the jury and rendered judgment that the plaintiff take nothing.

Appellant borrowed the sum of $820.27 from the First Pasadena State Bank, executing a note therefor dated January 20, 1964, payable on April 20, 1964, and bearing interest at the rate of 8% per annum after maturity. To secure said note he executed a chattel mortgage on a TD14A International tractor with straight dozer blade. The chattel mortgage provided that in the event the note was not paid at maturity the mortgagee or other holder of said note could take possession of the property, with or without legal process, and for that purpose could enter any premises where the property may be located, the mortgagor waiving claims of damage for trespass or other injury caused thereby. It provided that the mortgagee or holder of said note, in addition to other remedies, could sell the property at private sale, with or without notice to the mortgagor. It provided for the manner of application of the funds received at the sale, and that the mortgagee could be a purchaser at the sale.

Appellant testified that Mr. McNamara arranged the loan at the First Pasadena State Bank in order that he, appellant, could pay a loan at a bank in Corrigan, Texas, and thereby secure the release of a lien on certain equipment which McNamara desired to purchase from appellant. McNamara signed the note with appellant. Appellant testified that he talked to the bank in April, and they gave him an extension until June. Neither the note nor a written extension thereof was introduced into evidence. He testified that he talked to "the bank" and told them that his wife had died and that he expected to get some money, "so he said it would be all right or else come down and make out a new note, and get it that way, either one." He testified: "He said if I could have it the first of June it would be all right." "He told me it would be all right to pay it the first part of June."

Mr. Mowery testified that he did not know that the bank had sold the note to Mr. McNamara until after McNamara had got possession of the tractor on June 12, 1964. He talked to the bank on June 5, 1964, about extending the note and they told him it would be all right, but for him to see McNamara. He went and talked to him, and he said it would be all right, but to go see the bank. Appellant went to the bank and paid $200.00 on the note. In answer to the question:

"Did the bank make any definite arrangement when the note would be due?" appellant stated:

"July 1st was when I wanted to pay it." He also testified: "I paid the $200.00 and I said I wanted to pay the rest of it on the 1st."

On the 12th day of June, 1964, a man came to the place of business of Mowery Construction Company and said he was going to buy the tractor from "Moran." On the 15th he came back and said he was going to try it out and said that if it worked he was going to pay for it. He was going to take it out on Mangum Road to try it out. Mr. Mowery was there and agreed that it could be taken out for the test. It was loaded on a truck owned by Wiseman Trucking Company. Mr. Mowery followed the truck in his car. The truck delivered the tractor to the Wiseman yard. Mr. McNamara and Mr. Wiseman were at the yard. McNamara told Mowery that he had repossessed the truck and had already sold it. Mr. Mowery then tendered him the $620.27, but the tender was refused. McNamara said that he had sold the tractor to Mr. Wayland. Mowery had no notice that the tractor was going to be sold prior to this time.

Appellees went to trial on their first amended answer and cross-action. At the conclusion of the testimony of the witnesses presented by the plaintiff, appellees made a motion for instructed verdict and took a non-suit as to their cross-action. In the

cross-action appellees pled that the promissory note and chattel mortgage of January 20, 1964, had been duly assigned to McNamara by the First Pasadena State Bank; that after appellant defaulted in the payment of the note, he repossessed the tractor and sold it at private sale to Howard M. Wayland. A copy of the note was attached to the cross-action and made a part thereof.

The First Pasadena State Bank is not a party to this suit, nor is Wiseman Trucking Company or Mr. Wiseman. There is no direct evidence that the appellee Wayland claimed any interest in the truck other than the appellant's testimony that McNamara told him that he had sold the truck to Wayland. This testimony is hearsay as to Wayland. However the allegations of the cross-action constitute judicial admissions on the part of McNamara and Wayland and establish that Wayland claims ownership of the tractor by purchase from McNamara at a private foreclosure sale. McCormick v. Stowe Lumber Company, 356 S.W.2d 450 (Tex.Civ. App.–Austin, 1962, ref. n. r. e.); McCormick and Ray, Texas Law of Evidence, 2nd Ed., § 1127.

The chattel mortgage introduced into evidence authorizes such a sale. There is no evidence that the sale was not made in compliance with the terms of the mortgage, if, in fact, the note was past due and unpaid at the time the sale was made. There is no testimony showing the exact date on which the sale was made. The circumstances point to the conclusion that the sale was made before the tractor was repossessed. Unless the date the note became due has been validly extended to July 1, 1964, it was past due at the time the tractor was taken out of the possession of appellant.

In the absence of a provision to the contrary in the mortgage, it is necessary that the mortgagee take possession of a chattel prior to the time that he conducts a foreclosure sale under a power of sale given by a chattel mortgage. Ames Iron Works v. Chinn, 15 Tex.Civ.App. 88, 38 S.W. 247 (1896); Coulson v. Panhandle Nat. Bank et al., 54 F. 855 (Cir.Ct. of Appeals, 5th Cir., 1893).

Appellant testified that he tendered payment of the balance due on the note to McNamara, which was refused. A question arises as to whether the tender was sufficient since no interest was tendered. No objection was raised as to the amount tendered, and a sufficient tender was made by the pleadings. Harris v. Ware, 93 S.W. 2d 598 (Tex.Civ.App., Waco 1936, error ref.); 12 Tex.Jur.2d, Chattel Mortgages, § 72, p. 99.

There is testimony that Mowery asked that the time for payment of his note be extended to July 1, 1964; that he told the bank, to which he had been referred by McNamara, that he wanted to pay the note on July 1; that both the bank and McNamara agreed to extend the time for payment of the note. According to the description of the note contained in the mortgage, the note bore no interest until maturity, but thereafter bore interest at the rate of 8% per annum until paid. Considering the facts in the light most favorable to appellant, as we must do since the case was withdrawn from the jury, we hold that a question of fact was raised as to a valid agreement to extend the time for payment to a definite date. This agreement was supported by a sufficient consideration. McNamara receives the benefit of an interest bearing obligation for a definite period and Mowery receives the benefit of forbearance for the same period. Novosad v. Svrcek, 129 Tex. 34, 102 S.W.2d 393 (1937).

The judgment of the trial court is reversed and the cause is remanded for a new trial.