Opinion issued August 28, 2018



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-17-00798-CV

—————————————

## CLEMENT NJOWO, Appellant

## V.

## JOHN FREDERICK WELLING, BOBIE LEE MCKINNEY A/K/A THE LEE COMPANY, AND THE WELLING COMPANY, LLC, Appellees

---

On Appeal from the 190th District Court
Harris County, Texas
Trial Court Case No. 201652783

---

## MEMORANDUM OPINION

This is an investor's suit seeking repayment of $125,000 loaned to another investor. The lender, the borrower, and two third parties planned to invest the loan proceeds in a hotel development. Instead, the borrower spent the proceeds. The lender sued the borrower, Bobie McKinney. McKinney was served with process.

The borrower also sued third parties John Welling and the Welling Company LLC, claiming conspiracy, breach of contract, and real estate fraud.

McKinney did not appear for trial. After a bench trial, the trial court rendered a take-nothing judgment against the lender, Clement Njowo, on his claims against McKinney, Welling, and the Welling Company. On appeal, Njowo contends that the trial court erred in:

(1) ruling that McKinney was not a party to the suit;

(2) denying Njowo's post-trial motion to reopen the evidence so that he could show that McKinney had answered the suit; and

(3) sustaining objections to statements that McKinney made based on hearsay.

We reverse the trial court's take-nothing judgment as to Njowo's claims against McKinney and remand these claims for further proceedings. We affirm the remainder of the judgment.

## BACKGROUND

Njowo loaned $125,000 to McKinney for the construction of a hotel in Cotulla, Texas, in return for a 25% interest in the development. When the hotel failed to materialize and McKinney failed to repay the loan, Njowo sued McKinney, alleging breach of contract and fraud, among other claims.

Njowo asserted the same claims against Welling and the Welling Company, alleging that they conspired with McKinney to defraud Njowo, and that Welling had pledged real property he owned as security for the loan.

2

Pre-trial, Njowo proffered an April 7th affidavit that McKinney purportedly made, averring that McKinney told Welling that McKinney had collected $125,000 from Njowo. Welling objected that the affidavit was inadmissible hearsay. Njowo contended that the affidavit was McKinney's pro se answer to the lawsuit. The trial court deferred ruling on the affidavit's admissibility to give Njowo an opportunity to find proof in the record showing that McKinney had filed the affidavit in answer to the lawsuit. Njowo did not subsequently try to introduce the affidavit into evidence at trial. Nor did he seek or secure a definitive ruling on its admissibility.

McKinney did not appear at trial. The trial court ruled that McKinney was not a party to the suit because he had not answered or appeared. It is undisputed, however, that McKinney was named as a defendant in Njowo's petition and served with process. The parties do not contest that McKinney was properly served.

Njowo and Welling were the principal witnesses at trial. They gave different accounts of the parties' interactions.

Njowo testified that he met McKinney in July 2012. McKinney presented Njowo with the opportunity to invest in a hotel construction project in Cotulla, Texas, in November. They executed a one-page letter of understanding as to the project in December. The letter stated:

> Whereas: Clement Njowo desires to enter into an agreement for a proposed development of a condo hotel in Cotulla, Texas. Clement shall have 25% of the interest in the Cotulla, TX development.

3

> The Lee Company and Mr. Fred Welling agree to secure a $125,000.00 loan on property known as 11037 Windswept Way, Willis, TX 77318 subject to an existing mortgage of $400,000.00. The rate shall be 6% per annum for a period of 36 months. Interest is to be paid yearly. The mortgage shall be recorded as soon as the Conroe bank closes the permanent loan.

Over time, Njowo wrote McKinney, individually, several checks totaling $125,000, beginning in early December 2012. Each of these checks was made payable to "Bob McKinney." When Njowo signed the letter, he gave McKinney two checks. According to Njowo, Welling "knew exactly everything what was going on," including the fact that Njowo already had written two checks. Njowo, his wife, McKinney, and Welling had dinner to celebrate the venture.

Two or three weeks later, Njowo showed the letter of understanding to his sister-in-law, who works at a bank. She recommended that Njowo obtain a note documenting the $125,000 loan. In mid-January 2013, the Welling Company gave Njowo a document entitled "Real Estate Lien Note." This four-page document identified The Welling Company as the borrower, but the copy introduced into evidence by Njowo was incomplete. Its first three pages were numbered "Page __ of 4" and the third page ended mid-sentence; its fourth page—the signature page—bore a different style of pagination and was numbered as page 8. Page 8 was signed by Welling in his capacity as the company's manager. Njowo testified that Welling and McKinney reassured him that his loan was secured. Welling gave Njowo a deed showing that the company held the real property described in the note. The parties

4

do not dispute, however, that Njowo never loaned Welling or the Welling Company any funds.

Njowo testified that he went to see Welling in March 2014 because he had not received the interest payment due on the loan in January. According to Njowo, Welling told Njowo to see McKinney about payment. In May, McKinney paid Njowo the interest due. In late 2015, McKinney also paid some additional interest due. When McKinney stopped responding to Njowo's inquiries about payment, Njowo hired a lawyer who sent McKinney and Welling demand letters in June 2016.

On cross-examination, Njowo agreed that he did not speak to Welling before he signed the letter of understanding and wrote checks to McKinney. Welling was not present when McKinney and Njowo discussed the project in November 2012 or in December when Njowo signed the letter and gave checks to McKinney. Njowo acknowledged that Welling did not tell him that McKinney was authorized to accept checks on behalf of the venture. Njowo also acknowledged that he did not tell Welling that he had given checks as installments for the loan to McKinney, individually. Njowo learned that the hotel construction project was not going to move forward sometime in Spring 2013. When Njowo learned this, however, he did not ask for his money back or seek an accounting.

In direct contradiction to Njowo's testimony, Welling denied receiving any loan funding from Njowo. Welling denied that Njowo ever asked him about a loan or any interest on a loan.

McKinney introduced Welling to Njowo, who was to provide the $125,000 in funds if Welling obtained the property to build the hotel. Welling characterized their December 2012 letter of understanding as an agreement to agree, if the parties moved forward with acquiring land in Cotulla for a hotel development. Welling never moved forward with the project. Njowo never advanced any money to Welling because Njowo would have had to fund the project only if they purchased the land in Cotulla. According to Welling, the January 2013 note was drafted in anticipation of Njowo's loan to the Welling Company, had the project moved forward and Welling had received the funds.

Welling testified that he was not present for discussions between McKinney and Njowo about the hotel project that predated the signing of the letter of understanding and that he did not have any discussions with Njowo beforehand. Welling did not recall a telephone call with McKinney and Njowo after they signed the letter of understanding. He did remember having dinner with Njowo afterward. Welling said that they discussed the project's possibilities over dinner, but he did not recall specifics. Njowo did not inform Welling that he had given McKinney any money. Nor was Welling aware that Njowo already had given McKinney $125,000

6

when the real estate lien note was given to Njowo. Welling did not tell Njowo that McKinney was authorized to accept money on Welling's behalf.

According to Welling, Njowo did not inform Welling that Njowo had given $125,000 to McKinney or that he thought Welling owed him that money. Welling did not recollect Njowo coming to see him in 2014 to discuss non-payment of interest on the note or telling Njowo to see McKinney for payment. Welling testified that Njowo never indicated to him that interest was due on a note. Welling represented that the first time he learned of Njowo's claims was when he received the June 2016 demand letter from Njowo's lawyer.

The trial court wrote the parties that it intended to render a take-nothing judgment because Njowo had not met his burden of proof against Welling, and it asked that the defendants submit a proposed judgment. Before the trial court signed a judgment, Njowo moved to reopen the evidence. He contended that McKinney had appeared after he was served with discovery. On June 2, 2017, Njowo filed an affidavit with the trial court, that was purportedly signed by McKinney on April 7, 2017. Njowo contended that the affidavit constituted a pro se answer and demonstrated that McKinney had appeared in the case. The clerk's record contains an affidavit by the process server, verifying the receipt of certified mail, indicating that McKinney was served, but it does not contain the April affidavit before Njowo filed it. The trial court denied the motion.

The trial court rendered a final take-nothing judgment against Njowo on all of his claims. It also made findings of fact and conclusions of law. Among other things, the trial court found or concluded that:

- the letter of understanding for the hotel development contemplated the execution of other documents and omitted material terms, and thus was an agreement to agree;

- for example, the letter of understanding did not include "any language requiring Njowo to loan to Welling (or Welling to repay) any money";

- Welling thus did not contractually bind himself to participate in the hotel construction project and ultimately decided not to do so;

- Welling did not learn that Njowo had given $125,000 to McKinney until after Welling had decided not to participate in the project;

- Njowo's ostensible knowledge about the project, "including all statements attributed to Welling and McKinney's purported relationship with Welling," came from McKinney alone;

- McKinney was "responsible for 100% of Njowo's damages"; and

- Welling and his company did not conspire with McKinney or aid or abet McKinney to commit any unlawful act.

Njowo appeals.

## DISCUSSION

Njowo challenges the trial court's ruling that McKinney was not a party. Njowo does not challenge the legal or factual sufficiency of the evidence. As to Welling, the only issues that Njowo presents concern the trial court's evidentiary rulings. Specifically, Njowo challenges the trial court's rulings excluding McKinney's hearsay statements.

8

## I.    McKinney's Status as a Party

Njowo contends that the trial court erred in ruling that McKinney was not a party to the suit.  Welling concedes that the trial court erred, but contends its error was harmless.

The trial court ruled that McKinney was not a party because he had not answered or otherwise appeared.  However, the parties do not dispute that McKinney was served with valid process, and he thus was a party to Njowo's suit.  *See Velasco v. Ayala*, 312 S.W.3d 783, 798 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (personal jurisdiction over defendant invoked by valid service of process).  Whether McKinney answered, otherwise appeared, or attended trial does not affect his status as a properly joined party to the suit.

The error was not harmless.  By proceeding to trial without seeking a default judgment, Njowo waived any right to judgment he had based on McKinney's failure to answer or appear.  *See Shows v. Man Engines & Components*, 364 S.W.3d 348, 358–59 (Tex. App.—Houston [14th Dist.] 2012), *judgm't aff'd*, 434 S.W.3d 132 (Tex. 2014).  Based on the evidence at trial, however, the trial court found that McKinney was "responsible for 100% of Njowo's damages."  The trial court's earlier ruling that McKinney was not a party precluded it from rendering a judgment in Njowo's favor against McKinney based on this finding and thereby "probably caused the rendition of an improper judgment."  TEX. R. APP. P. 44.1(a)(1).

Accordingly, we hold that the trial court erred in holding that McKinney was not a party. We reverse the take-nothing judgment as to Njowo's claims against McKinney and remand those claims to the trial court for further proceedings consistent with this opinion.

## II.	Motion to Reopen the Evidence

Njowo contends that the trial court erred in refusing to reopen the evidence after trial to allow him to prove that McKinney had filed an answer to the suit. We review the trial court's ruling for abuse of discretion. *See* TEX. R. CIV. P. 270; *In re J.M.W.*, 470 S.W.3d 544, 556 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The trial court did not abuse its discretion because (1) the proffered evidence was cumulative inasmuch as the record showed that McKinney was properly served with process and thus was a party regardless of whether he answered; and (2) Njowo's lawyer—not McKinney or McKinney's lawyer—filed McKinney's affidavit, and thus Njowo has not demonstrated that McKinney answered the lawsuit. *See J.M.W.*, 470 S.W.3d at 556–57 (if proffered evidence is not decisive, trial court does not abuse discretion in denying motion to reopen). McKinney was a party to the suit because he was properly served with process.

## III.	Evidentiary Rulings

Njowo contends that the trial court erred in excluding as hearsay McKinney's purported April 7 affidavit and Njowo's testimony about statements that McKinney

10

made to Njowo. Welling responds that Njowo failed to preserve error and that, in any event, the affidavit and statements were inadmissible hearsay not subject to an exception.

## A. Standard of review

We review a trial court's rulings admitting or excluding evidence for abuse of discretion. *U-Haul Int'l v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). A trial court abuses its discretion if it acts without regard for guiding rules or principles. *Id.* To preserve error as to the exclusion of evidence, a party must obtain a ruling from the trial court and make an offer of proof, unless the substance of the evidence is clear from context. TEX. R. EVID. 103(a)(2); TEX. R. APP. P. 33.1(a)(2)(A).

## B. Analysis

### 1. McKinney's affidavit

During pre-trial, Njowo sought to introduce McKinney's affidavit, which stated that McKinney told Welling that Njowo had loaned McKinney the $125,000. Welling objected that the affidavit was hearsay. Njowo responded that the affidavit was admissible as McKinney's pro se answer to the suit. The trial court deferred ruling on the affidavit's admissibility to allow Njowo to show that McKinney had filed the affidavit in answer to the suit. Njowo did not subsequently try to introduce the affidavit into evidence. Nor did he seek or secure a ruling on its admissibility. Njowo therefore has not preserved this issue for our review. *See* TEX. R. APP. P.

11

33.1(a)(2)(A); *see, e.g.*, *Hahn v. Love*, 394 S.W.3d 14, 36 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (party failed to preserve error as to exclusion of exhibits by not trying to introduce them into evidence after trial court deferred consideration of their admissibility); *Carlile v. RLS Legal Solutions*, 138 S.W.3d 403, 411 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (same).

## 2. Njowo's testimony as to McKinney's out-of-court statements

At several points during trial, Njowo proffered testimony about out-of-court statements that McKinney allegedly made to Welling or to Njowo. Welling objected that this testimony was hearsay and the trial court sustained his objections. The record shows that Njowo intended to testify that McKinney:

- called Welling in Njowo's presence and told Welling that Njowo had funded the $125,000 loan;

- called Njowo and told him that there was a problem with one of the checks that he had given to McKinney;

- reassured Njowo that he had nothing to worry about when he expressed concern that his loan was not documented with a note;

- acknowledged that the first interest payment due to Njowo on the loan in January 2014 went unpaid; and

- told Njowo that he would receive the money due to him in due course once Welling sold the house he had pledged as security.

Because the substance of the excluded statements is evident from context, Njowo was not required to make an offer of proof to preserve error. *See* TEX. R. EVID. 103(a)(2); *see, e.g.*, *Stearns v. Martens*, 476 S.W.3d 541, 550 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (offer of proof not necessary because colloquy between

12

counsel and court as to proposed testimony and objection to it made its substance apparent); *Melendez v. Exxon Corp.*, 998 S.W.2d 266, 278 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (offer of proof not necessary because substance of testimony was apparent from questions asked by counsel).

Because McKinney was a party, McKinney's out-of-court statements would not have been hearsay had they been offered against McKinney. TEX. R. EVID. 801(e)(2)(A); *Bay Area Healthcare Grp. v. McShane*, 239 S.W.3d 231, 235 (Tex. 2007) (per curiam); *see, e.g.*, *Oyster Creek Fin. Corp. v. Richwood Invs. II*, 176 S.W.3d 307, 317 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (party's prior testimony was admission by party-opponent and thus not hearsay), *overruled on other grounds by Sky View at Las Palmas v. Mendez*, No. 17-0140, 2018 WL 2449349, at *4 n.8 (Tex. June 1, 2018).

While a party's out-of-court statements may be offered against the party who made them, this exclusion does not allow a litigant to offer the out-of-court statements made by one party against another party for the truth of the matter asserted, absent another exclusion from, or exception to, the hearsay rule. *See* TEX. R. EVID. 801(e)(2); *Tryco Enters. v. Robinson*, 390 S.W.3d 497, 506 (Tex. App.—Houston [1st Dist.] 2012, pet. dism'd); *see, e.g.*, *Mowery v. McNamara*, 424 S.W.2d 252, 254 (Tex. Civ. App.—Houston [1st Dist.] 1968, no writ) (plaintiff's testimony as to statements made by one defendant was hearsay as to different defendant).

Njowo contends that his testimony about McKinney's out-of-court statements was not hearsay as to Welling because McKinney and Welling were co-conspirators. *See* TEX. R. EVID. 801(e)(2)(E). Njowo did not make this argument in the trial court, however, and thus it is not preserved for our review. *See* TEX. R. APP. P. 33.1(a)(1). Regardless, the trial court, which was the factfinder, determined that Welling did not conspire with McKinney. Njowo has not challenged this finding on appeal. *See Milton M. Cooke Co. v. First Bank & Tr.*, 290 S.W.3d 297, 303 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (unchallenged findings of fact made by court in bench trial bind appellate court unless contrary is conclusively established or no evidence supports finding). Welling testified that he did not learn Njowo had loaned McKinney $125,000 until he received a demand letter, and Welling denied receiving any funds from Njowo for the project. Because some evidence supports the trial court's finding that Welling did not conspire with McKinney to defraud Njowo, Njowo has not demonstrated that Rule 801(e)(2)(E)'s exclusion of co-conspirator statements from the hearsay rule applies.

We hold that the trial court did not abuse its discretion in excluding Njowo's offer of McKinney's out-of-court statements as inadmissible hearsay to the extent that Njowo sought to introduce them into evidence against Welling or the Welling Company.

## CONCLUSION

We reverse the trial court's take-nothing judgment against Njowo as to Njowo's claims against McKinney, and we remand these claims for a new trial. We affirm the remainder of the trial court's judgment.

Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Massengale.